**Vicente PINERO SCHROEDER et al., Plaintiffs-Appellants,**

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Defendant-Appellee.**

**No. 77–1391.**

United States Court of Appeals, First Circuit.

Argued Feb. 14, 1978.

Decided May 11, 1978.

---

Maria Dolores Fernos, Hato Rey, P.R., with whom Salvador Tio, Santurce, P.R., Luis Amauri Saurez Zayas, Hato Rey, P.R., Jose Enrique Colon Santana, Lirio C. Torres Sepulveda, Santurce, P.R., Elba Canales De Mattina, Rio Piedros, P.R., and Jose E. Fernandez Sein, Santurce, P.R., were on brief, for plaintiffs-appellants.

Rafael Perez-Bachs, San Juan, P.R., with whom McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P.R., was on brief, for defendant-appellee.

Before COFFIN, Chief Judge, BOWNES and MOORE,* Circuit Judges.

PER CURIAM.

Plaintiffs-appellants appeal from dismissal of their complaint which alleged that defendant-appellee deprived them of their homestead right without due process of law in violation of their constitutional rights.

For the reasons hereinafter stated, we are without jurisdiction to hear this appeal.

Before bringing this action in the federal court, appellants had sued unsuccessfully in the Commonwealth courts to recover the value of their homestead right alleging that they had been wrongfully deprived of it by a mortgage foreclosure. The Supreme Court of Puerto Rico held that appellants had no homestead right in the property, and also ruled that the action was barred by the applicable statute of limitations, 31 L.P. R.A. § 1856, *Federal National Mortgage Association v. Vicente Pinero Schroeder and others* (S.Ct. of Puerto Rico, Sept. 1, 1976).

The district court held in dismissing the complaint that appellants had no homestead right in the property and, therefore, there could be no deprivation of constitutional rights. Judgment was entered on May 20, 1977. Appellants failed to file an appeal within the thirty days required by Fed.R. App.P. 4(a). A motion for permission to file a late appeal was filed on July 11, 1977, and granted by the district court on July 15. The court in so ruling found that the late filing was attributable to excusable neglect.

We hold that the court erred in this determination. The alleged excusable neglect was that appellants' counsel was busy for a two months' period negotiating a collective bargaining agreement. We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences. *Cf. Airline Pilots v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978). Filing a notice of appeal does not require much time or deliberation.

While our ruling on timeliness is dispositive, we are also satisfied that no egregious injustice has occurred. We have consistently held that civil rights complaints are governed by the Commonwealth's one year tort statute of limitations, 31 L.P.R.A. § 5298(1). *Graffals Gonzalez v. Garcia Santiago*, 550 F.2d 687 (1st Cir. 1977); *Ramirez de Arellano v. Alvarez de Choudens* (1st Cir. April, 1978), 575 F.2d 315; *Hernandez del Valle v. Santa Aponte, Etc.* (1st Cir. April, 1978), 575 F.2d 321. While this action is not specifically cast as a civil rights complaint under 42 U.S.C. § 1983, it is based on alleged deprivation of due process constitu-

tional rights.** Since diversity of citizenship is alleged as the basis for jurisdiction, we would, in any event, be bound to apply the one year statute of limitations that the Supreme Court of Puerto Rico found applicable, 31 L.P.R.A. § 1856.

In addition, a serious question existed here as to whether, in view of the litigation before the Commonwealth courts, an action in federal district court was barred by the principles of *res judicata*. We need not resolve that issue, however, for appellant's failure to file a timely appeal leaves us without jurisdiction to decide the merits.

*Dismissed.*

** The complaint alleges jurisdiction under 28 U.S.C. §§ 1337, 1331, 1332, and 2671. Declaratory relief was sought under 28 U.S.C. §§ 2201 and 2202.