Robert PICUCCI, Plaintiff,

v.

TOWN OF KITTERY, MAINE, et al., Defendants.

Civ. No. 83–0242 P.

United States District Court,
D. Maine.

May 30, 1984.

David Smart, Jeffco, May & Smart, Portsmouth, N.H., for plaintiff.

Duncan A. McEachern, Matthew T. Brock, McEachern & Thornhill, Kittery, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This case comes before the Court on the Plaintiff's motion, filed on March 5, 1984, for relief from a Judgment or Order of this Court. Plaintiff's complaint was filed on July 14, 1983, and was followed by the filing on July 29, 1983, of the answer of the Defendants. A preliminary pretrial conference was held before the United States Magistrate on November 22, 1983. The Magistrate set a discovery cut-off date of February 20, 1984. All parties waived jury trial at that conference. The report of that conference, filed on November 23, 1983, indicates that "[t]he Defendants plan to file a motion for summary judgment." The report provides that any motions shall be filed on or before February 20, 1984.

Thereafter, Defendants filed their motion for summary judgment on February 15, 1984, with a supporting memorandum. Plaintiff filed no objection to the motion within the time period allotted by Local Rule 19(b). Accordingly, on March 1, 1984, the Clerk of the Court granted the motion with the following endorsement: "3/1/84: No objection having been filed, motion *granted* per Local Rule 19(b). For the Court: *Regina Nappi Yarnold*" (emphasis in original).

On March 5, 1984, Plaintiff filed his motion for relief from judgment or order, seeking under Fed.R.Civ.P. 60(b) an order of this Court striking the prior order of the Court granting the Defendants' motion for summary judgment. The motion alleges in ¶ 5 "[t]hat due to mistake, inadvertence or excusable neglect, the ten (10) day deadline to respond to Defendants' Motion for Summary Judgment" was not docketed upon the 'tickle system' of Plaintiff's counsel (See Affidavit of Plaintiff's counsel attached hereto)." The affidavit referred to states that Plaintiff's counsel received the Defendants' motion on February 16, 1984, and continues "[t]hat the ten (10) day deadline to respond to Defendants' Motion was not docketed upon the office 'tickle system' by the responsible staff member of my office." The affidavit also states that Plaintiff's counsel received notice on March 2, 1984, of the order granting the Defendants' motion for summary judgment.

The Court has reviewed the written submissions of counsel on the issue postured by the Plaintiff's motion and has heard this date oral argument on the record with respect to this matter. The issue, narrowly circumscribed, is whether or not "a mere palpable mistake by counsel" or by counsel's staff, constitutes "excusable neglect" under Rule 60(b). The applicable decisional law of this Circuit is quite clear as to the appropriate answer. The First Circuit Court of Appeals stated in *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.1976), that "[e]xcusable neglect calls for 'circumstances that are unique or extraordinary.'" (*Quoting Maryland Cas. Co. v. Conner*, 382 F.2d 13, 17 (10th Cir. 1967). The Court went on to say "if this [requirement of excusable neglect] includes a mere palpable mistake by experienced counsel, the requirement would be meaningless." *Id.* Two years later, in *Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir.1978), the Court of Appeals ruled on the meaning of "excusable neglect" in the context of factual circumstances nearly identical to those at issue in this case. In that case the District Court permitted the appellee to file a late notice of appeal pursuant to the excusable neglect provision of Fed.R.App.P. 4(a). The reason asserted for failure of counsel to file the notice of appeal in a timely manner was that:

> Through inadvertence or mistake, a secretary in the employ of plaintiff's attorney diaried the date upon which the appeal period expired as September 11th instead of September 1st. As a result plaintiff's attorney believed the period expired on September 11th and that mailing the Notice of Appeal on September 2nd would result in the same being received by the office of the Clerk prior to September 11th.

*Id.*, at 1174. In reversing the District Court the Court of Appeals observed that "cases from this and other circuits make it clear that a mistake such as this is not excusable neglect within the meaning of the rule," *id.* at 1175, citing precisely the language previously adverted to herein from *Spound.* Three months later in *Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117 (1st Cir. 1978), the Court again overturned a determination by the District Court of the existence of excusable neglect in circumstances similar to those of this case. There, the reason given for counsel's failure to act in a timely manner was that "appellants' counsel was busy for a two months' period negotiating a collective bargaining agreement." *Id.*, at 1118. The Court noted:

> We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.

*Id. See Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1083 (1981). The rationale of these cases is completely consistent with that put forth nearly a decade previously in the case of *Pasquale v. Finch*, 418 F.2d 627 (1st Cir.1969). The only excuse offered by the United States Department of Justice in that case for its failure to act in a timely manner "was that the notification was mislaid due to a mistake in the handling of the mail after it was received by the Justice Department." *Id.*, at 630. Concluding that such mishandling of the notice within counsel's office did not justify extension of the time for appeal because of excusable neglect, the Court observed that "to say otherwise is so to enlarge a remedial power devised for the exceptional case as to cover any kind of garden-variety oversight." *Id.*

Using the foregoing cases from the First Circuit Court of Appeals as reference points by which its exercise of discretion is to be informed, this Court is satisfied that the bare factual allegation contained in the instant motion and the nearly identical assertion in support of it made in the affidavit are not sufficient to constitute a viable showing of excusable neglect.

Local Rule 19(b) has been in effect in this district since April 1, 1982. It provides:

Unless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection, and the Court may act on the motion. Every party filing an objection shall file with the objection a separate memorandum of law, in duplicate, including citations of supporting authorities and any affidavits or other documents setting forth or evidencing facts on which the objection is based.[1]

U.S.D.Ct. of Me.R. 19(b).

In effectively processing the case-load of a busy docket, it is indispensable to the Court's function that counsel take responsibility to respond to the local rule's demands as a matter of routine. Such a requirement is nothing other than a rationally-based compromise between the interest of litigants and their counsel and the needs of this Court to have reasonably prompt notice of contest on matters which require its substantive action and the administrative attention of the Office of the Clerk. Here Plaintiff's counsel had notice at the pretrial conference, nearly three months prior to actual filing of the motion for summary judgment, that it was forthcoming. Where, as here, the Court pursues a policy of liberally granting requests for extension of the ten-day period prescribed by the rule when they are filed within the ten-day period, the reasonableness of this procedural requirement is not open to serious dispute.

If the efficiency of the Court in doing its work must depend entirely upon the potential for error, not only of every member of the Bar of this Court but of every individual member of their professional staffs, such efficiency will be in short supply. It is appropriate that counsel be required to shoulder the responsibility for such error since counsel has both the preventive and remedial power to address such errors and omissions effectively. To hold otherwise would be for the Court gratuitously to shoulder responsibility for the proper performance of a multitude of persons over whom it has no effective control. That gratuity could well cripple the Court's ability to do the work of other litigants in an expeditious manner. Absent some "unique or extraordinary" circumstance, *Spound,* 534 F.2d at 411, which justifies the intervention of the Court to alleviate the damage done by errors or omissions of persons who operate outside the control of the Court, such errors or omissions are not the basis for a determination of "excusable neglect" under the provisions of Fed.R.Civ.P. 60(b).

Accordingly, Plaintiff's motion for relief from judgment or order is hereby *DENIED;* the Court's Order of March 1, 1984, granting Defendants' motion for summary judgment shall stand.

So *ORDERED.*

---

1. Local Rule 19(b) was amended, effective June 1, 1984, to put up-dated language into subparagraphs (c) and (d) of the rule. That language reads as follows:

(c) Objections to Motions

Unless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection, and the Court may act on the motion. Every party filing an objection shall file with the objection a separate memorandum of law, in duplicate, including citations of supporting authorities, and any affidavits and other documents setting forth or evidencing facts on which the objection is based.

(d) Reply Memoranda

Within 7 days of the filing of any objection and memorandum in opposition to a motion, or, if a hearing has been scheduled, not less than 2 days prior to the hearing, the moving party may file a reply memorandum, in duplicate, which shall be confined strictly to replying to new matter raised in the objection or opposing memorandum.