**Roger N. GAGNE and Irene M. Gagne, Plaintiffs,**

v.

**CARL BAUER SCHRAUBENFABRICK GmbH, Defendant.**

**POWER ANCHOR CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**ROBERGE CONSTRUCTION, INC., Third-Party Defendant.**

**Civ. No. 82–0134–P.**

United States District Court,
D. Maine.

June 8, 1984.

George W. Beals, Thomas J. Quinn, Hewes Culley and Beals, Portland, Maine, David R. Ordway, Ordway & Delicata, Biddeford, Maine, for plaintiffs.

John N. Kelly, Graydon G. Stevens, Kelly Remmel & Zimmerman, Portland, Maine, for defendant.

Frederick C. Moore, Portland, Maine, for Roberge Construction.

MEMORANDUM OF DECISION AND ORDER ON MOTION OF DEFENDANT POWER ANCHOR CORPORATION FOR RELIEF FROM JUDGMENT PURSUANT TO Fed.R.Civ.P. 56(b)

GENE CARTER, District Judge.

This case comes before the Court on the motion of Power Anchor Corporation as Third-Party Plaintiff against Third-Party Defendant Roberge Construction, Inc., filed on April 26, 1984, for relief from a judgment or order of this Court granting the said Third-Party Defendant's Motion for Summary Judgment on April 24, 1984. On April 2, 1984, Roberge Construction, Inc., the Third-Party Defendant, filed a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56. On April 24, 1984, this motion was granted by the endorsement of the Clerk, acting for the Court, "No objection having been filed, motion *granted* per Local Rule 19(b)" (emphasis added). On April 26 Power Anchor Corporation, the Third-Party Plaintiff filed its Motion For Relief From Judgment which seeks relief from the foregoing action on the Third-Party Defendant's Motion for Summary Judgment pursuant to Fed.R.Civ.P. 60(b) "for the reasons set forth in the accompanying affidavit." Filed contemporaneously with the motion for relief from judgment is the affidavit of Graydon G. Stevens, Esq. In the affidavit, Mr. Stevens states that he is the attorney of record for the Defendant and Third-Party Plaintiff Power Anchor Corporation. The operative paragraphs of the affidavit which set forth the factual predicate for the relief sought read as follows:

3. On March 30, 1984, Roberge Construction served and filed a motion for summary judgment, seeking summary judgment in its favor on all three counts of the third-party complaint.

4. This motion was received with a great deal of other material, both in this and other cases, just as I was concluding a week-long civil jury trial and, through inadvertence, I did not discover it had been filed until the ten-day period prescribed by Local Rule 19 had already expired.

5. Although I cannot remember precisely what day the motion came to my attention, I did start working on a response right away and, in fact, had partially completed an opposing memorandum when I received Mr. Moore's letter of April 23 requesting entry of judgment in his favor. I immediately wrote to the Clerk's office informing them of the situation and completed the memorandum and hand-delivered it to the Court the next day. The following day, I received

notice that the Clerk had entered judgment for Roberge Construction.

6. The present motion should be granted and the Third-Party Defendant's motion should be granted or denied on its merits. The present action is a serious case with obviously substantial damages. The Defendant has been presented with a settlement demand in excess of two million dollars. The discovery to date indicates a substantial amount of contributory fault on the part of Plaintiff's employer and it would be unjust to allow the latter to avoid liability other than on the merits.

7. A supporting memorandum is unnecessary since the grounds for the motion are set forth fully herein.

The parties have agreed that the Court should act upon the motion for relief from judgment on the written submissions of counsel. The Court has reviewed the motion and the supporting affidavit and those contents of the file pertinent to resolution of the motion. The issue, narrowly circumscribed, is whether or not "a mere palpable mistake by counsel" or by counsel's staff, constitutes "excusable neglect" under Rule 60(b). The applicable decisional law of this circuit has been previously reviewed in the case of *Picucci v. Town of Kittery*, 101 F.R.D. 767 (D.Me.1984.) The pending Motion For Relief From Judgment is denied for failure to make a fact-specific and sufficient showing of excusable neglect justifying the Court's action pursuant to Rule 60(b), there being no "unique or extraordinary" circumstances, *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir. 1976), which justify the intervention of the Court pursuant to the authority granted by that rule. *Picucci*, 101 F.R.D. at 769, slip op. at 6.

Accordingly, it is *ORDERED* that the motion of Third-Party Plaintiff Power Anchor Corporation for relief from judgment entered in favor of Third-Party Defendant Roberge Construction, Inc. be, and is hereby, *DENIED*.