**Howard GREENE, Plaintiff,**

v.

**UNION MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Civ. No. 84–0126 P.**

United States District Court,
D. Maine.

Aug. 7, 1984.

Thomas R. MacNaboe, John R. Bass, Portland, Me., for plaintiff.

Ann H. Mohnkern, Richard G. Moon, Perkins, Thompkins, Hinckley & Keddy, Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

GENE CARTER, District Judge.

This case comes before the Court on the motion of the Plaintiff, filed on June 15, 1984, seeking reconsideration of the Court's Order, entered via the Clerk of Courts on June 8, 1984, pursuant to Local Rule 19(c), which granted Defendant's Mo-

tion to Dismiss and Strike Pursuant to Rule 12. That latter motion was filed on May 23, 1984, and accompanied by a supporting memorandum, as required by Local Rule 19(a).[1] It sought an order of the Court striking from the Plaintiff's Complaint paragraph 3 of the prayer for relief of Count I, paragraphs 2 through 4, inclusive, of the prayer for relief of Count II, and Counts III and IV of the Complaint in their entirety.

On June 8, 1984, this motion to strike was granted by the endorsement of the Clerk, acting for the Court: "No objection having been filed motion *granted* per Local Rule 19(c)." (Emphasis in original.) The basis of that action was the failure of the Plaintiff to comply with the requirements of Local Rule 19(c) by filing within ten days after the filing of the Defendant's motion "a written objection thereto."[2] By virtue of that failure, under the force of the rule Plaintiff was "deemed to have waived objection" empowering the Court to act on the motion. Local Rule 19(c).

On June 8, 1984, the Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss and Strike Pursuant to Rule 12. On the same day Plaintiff filed its objection to Defendant's Motion to Dismiss and Strike Pursuant to Rule 12 (the original motion which had been granted by the Court's endorsement) and Plaintiff's Request for Additional Time Within Which to File a Responsive Memorandum. On June 14, 1984, Defendant filed its Motion to Strike Plaintiff's Objection and Plaintiff's Request for Additional Time and also Defendant's Objection to Plaintiff's Motion to Strike. Those pleadings were accompanied by an affidavit of Defendant's counsel. The following day The Plaintiff filed its Motion for Reconsideration which is presently before the Court for decision. The Motion for Reconsideration was accompanied by the affidavit of Plaintiff's counsel.

On June 25, 1984, Defendant filed its Objection to the Motion for Reconsideration.

 Neither the Motion for Reconsideration nor its supporting memorandum specifies the provision of the Federal Rules of Civil Procedure pursuant to which it is brought. Both the motion itself and the argument set out in the supporting memorandum make it clear, however, that reconsideration is sought on the basis of excusable neglect of Plaintiff's counsel in failing to file, pursuant to Local Rule 19(c), a timely response to the Defendant's Motion to Dismiss and Strike Pursuant to Rule 12. The motion specifically states in paragraph 1:

> The neglect of counsel which is set forth in the accompanying affidavit of [Plaintiff's counsel] was not a willful disregard of the procedures of this Court nor a prolonged and consistent inattention to the case *but was, under the circumstances, excusable.*

Motion for Reconsideration at 1 (emphasis added). The motion goes on in paragraph 2 to assert that the Defendant has incurred no prejudice because of the Plaintiff's failure to object in a timely fashion as required by Local Rule 19(c) and in paragraph 3 observes that the Defendant is "technically in default with respect to its Answer or other response to those portions of Plaintiff's Complaint which Defendant's Motion to Dismiss did not reach." The memorandum in support of the Motion for Reconsideration states as one of the bases for the Court's reconsideration of the prior Order that:

> [t]he actions of Plaintiff's counsel ... as set forth in the accompanying Affidavit, *fall within the doctrine of excusable neglect* and show good cause upon which this Court may sustain Plaintiff's motion to set aside the default judgment entered June 8, 1984.

---

1. Local Rule 19, as previously promulgated, was amended, effective June 1, 1984, and, as amended, is applicable to resolution of the issues raised herein. It is attached hereto as Appendix "A." It is published in *Maine Rules of Court* 972 (1984).

2. Plaintiff filed no request, within the time period, for enlargement of time within which objection might be filed.

Memorandum in Support of Plaintiff's Motion for Reconsideration at 1.[3] The memorandum proceeds to discuss various cases, all from other circuits, dealing with applications for relief from a default judgment on the basis of excusable neglect.

The only provision of the Federal Rules of Civil Procedure which authorizes the Court to grant relief from a judgment or order on the basis of excusable neglect is that contained in Rule 60(b)(1), which provides: "On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ...." The Court will treat the Motion for Reconsideration as a motion brought pursuant to Rule 60(b)(1) and deal with it on the basis of the case law pertinent to the construction and application of that provision of the rules.[4] *See Silk v. Sandoval*, 435 F.2d 1266, 1267 (1st Cir.1971).

■ The affidavit of Plaintiff's counsel sets out with candor and in considerable detail the exact circumstances asserted to give rise to the failure of Plaintiff's counsel to timely file its objection to the Defendant's Motion to Dismiss and Strike. The operative paragraphs of the affidavit read as follows:

1. It was my understanding, based upon conversations with Richard G. Moon, Esquire, [Defendant's counsel] in connection with the taking of the deposition of Plaintiff, Howard Greene, that no responsive pleadings would have to be filed until the completion of Mr. Greene's deposition. Upon reviewing the correspondence and motions and affidavits in connection with the controversy presently before the Court, *it appears that I may have misunderstood the oral agreement between counsel and that Mr. Moon's letter of May 4, 1984 indicating responsive pleadings due on May 23, 1984 did not alert me to the significance of that date.* The only explanation I can offer is that I was involved in extensive hearings, settlement negotiations and meetings with the Court in connection with six (6) asbestos cases which were scheduled for trial to begin approximately June 21, 1984 which cases were eventually settled. These matters were finally resolved, at least for the time being, on May 9–10, 1984.

2. For some reason, the Motion to Dismiss dated May 23, 1984 of Defendant was not date stamped as is the usual course for all such documents received by my secretary and it is possible that even though Mr. Moon indicates the Motion was mailed that it may have been hand delivered as it was to the Federal Court. *At any rate, the Motion did not get into my clearing system whereby my secretary would either calendar a date for a necessary response or route the document to the attorney handling the case.* I did see the document on my desk some time after May 29th and did not appreciate that [Plaintiff's co-counsel] was unaware of the document. Also, against the background of my

---

**3.** The identification by Plaintiff's counsel of the Court's action in this case pursuant to Local Rule 19(c) as a "default judgment" is incorrect. A default judgment is a judgment entered by the Court as a penalty against a party for failure to appear or otherwise to perform a procedurally required act. It is an act founded entirely upon the authority of the Court and does not derive its justification from any express or implied consent of the party against whom it is entered. Local Rule 19(c) mandates that a party's failure to object or otherwise respond in the situation specified by the rule shall be taken to be a waiver of any objection to the relief requested by the initiating motion. The rule authorizes the Court to "act on the motion" on the basis of that implied, consensual waiver of objection. The Court's action bears no punitive content and may not properly exceed the scope of the claims put forth in the initiating motion and may grant only such relief as is appropriate to redress these claims asserted.

**4.** The basis of relief asserted in the motion precludes its consideration as a motion pursuant to Rule 59(e) as one to "alter or amend a judgment." *See Scola v. Boat FRANCES, R., Inc.*, 618 F.2d 147, 153–4 (1st Cir.1980); *Morgan Guaranty Trust Co. v. Third National Bank*, 545 F.2d 758, 760 and n. 3 (1st Cir.1976); *Silk v. Sandoval*, 435 F.2d 1266 (1st Cir.1971).

understanding of the agreement of counsel with respect to no answer to the Complaint to be filed until the conclusion of Mr. Greene's deposition, *I did not appreciate the significance of Local Rule (19). During this period, I was on semi-vacation and in the office only for specific matters.* As a matter of fact, on June 7 and 8, 1984 when [Plaintiff's co-counsel] became aware of the document, I was in Birmingham, Alabama at the request of a client and spoke with [Plaintiff's co-counsel] by telephone concerning this matter on June 8th, at which time [Plaintiff's co-counsel] had told me he had spoken with Mr. Moon on the morning of June 8th and informed him of our intention to object to the Motion. Affidavit of Plaintiff's counsel at 1–2 (emphasis added). Boiled to its essence, the affidavit reflects three instances of neglect which resulted in the failure to timely file the required objection under Local Rule 19(c): (1) Plaintiff's counsel's misunderstanding of the agreement between counsel with respect to varying the terms prescribed by the Rules for timely filing of responsive pleadings; (2) Plaintiff's counsel's failure, because of inadequate internal office procedures, his attendance upon other matters and his quasi-vacation status, to discover that the Defendant's motion of May 23, 1984, had been filed and had thereby triggered the running of the ten-day period for objection and response prescribed by Local Rule 19(c); and (3) Plaintiff's counsel's failure "to appreciate the significance of Local Rule 19."

The narrow issue is, therefore, whether or not "a mere palpable mistake by counsel" or by counsel's staff, constitutes "excusable neglect" under Local Rule 60(b)(1). The applicable decisional law of this circuit has been previously reviewed in the case of *Picucci v. Town of Kittery*, 101 F.R.D. 767 (D.Me.1984). The Court of Appeals for the First Circuit very recently has again held that a determination of excusable neglect pursuant to Rule 60(b)(1) is committed to the exercise of the discretion of the trial court in ruling upon the motion. *Corey v. Mast Road Grain and Building Ma-*

*terials Co., Inc.*, 738 F.2d 11 (1st Cir.1984). The issue presented to the trial court is whether or not the "plaintiff's conduct and his excuses for noncompliance with the local rule" justify a finding of excusable neglect. *Id.* at 12. The decisional law, which is well-established in this circuit, provides the parameters for an appropriate answer. *Picucci*, 101 F.R.D. 767; *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.1976) ("[e]xcusable neglect calls for 'circumstances that are unique or extraordinary.'" (*quoting Maryland Cas. Co. v. Conner*, 382 F.2d 13, 17 (10th Cir.1967)). The Court stated in *Spound* that "a mere palpable mistake by experienced counsel" does not constitute excusable neglect. *Spound*, 534 F.2d at 411. *See also Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978) and *Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117 (1st Cir.1978). In *Pinero* the Court made an observation which is applicable to this case:

> We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.

*Pinero*, 574 F.2d at 1118. *See Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1083 (1981). This Court has recently observed "that the efficient functioning of this Court makes it indispensable ... that counsel take responsibility to respond to the Local Rules' demands as a matter of routine." *Picucci*, 101 F.R.D. at 769. The Court of Appeals has said since that language was written that "the district court ... [is] entitled to insist upon compliance with its local rule" in appropriate circumstances. *Corey*, at 12; *see In re Harbour House Operating Corp.*, 724 F.2d 1, 2–3 (1st Cir. 1983). As pointed out in *Picucci*, the Court cannot permit administrative derelictions occurring on the part of an attorney's staff

to impede the orderly and expeditious management of pretrial motions.

A failure of counsel to respond to the requirements of the Local Rules in respect to timely filing of papers may result from either an act of neglect or a conscious decision of the party or his counsel not to contest the relief sought by the motion. The mere failure to respond, taken by itself, does not inform the Court or opposing counsel in any way whether conscious decision or neglect is the *actual* cause of the failure to respond. The provision of Local Rule 19(c) simply puts all counsel on notice that the unexplained failure to respond within ten days will be taken by the Court as conduct "deemed" to have waived any objection to the motion. Where the failure to object in fact results from counsel's conscious decision not to object, no variance occurs between the intent of counsel (and, therefore, of the party represented by that counsel) and the action of the Court in granting the initiating motion. The Court and opposing counsel are thus relieved of the burden of making inquiry as to counsel's position on the motion and any delay in the disposition of the motion is avoided both for the Court and in the interests of the parties.

■ Where, however, the failure to respond to the motion results, in point of fact, from neglect of counsel, the "deemed" waiver of objection is at variance with the parties' actual intent. Where the failure to act which gives rise to the implied waiver of objection mandated by the Local Rule is beyond the control of the party or counsel charged to act for that purpose, simple justice requires that the "neglect" be "excused." Where, as here, however, the failure to act arises from the neglect of the counsel charged to act, some extraordinary circumstance must be proved to justify excuse of such neglect. *Spound v. Mohasco Industries, Inc.*, 534 F.2d at 411.

■ The Court can find no extraordinary circumstance in this case to excuse the neglect of Plaintiff's counsel to provide appropriate internal office procedures to cause pleadings filed in this Court to be brought to the attention of some counsel in his office once it is delivered into the custody and control of his office. In the view of this Court, it is encumbent upon any attorney to institute internal office procedures sufficient to achieve that purpose. The failure to take such steps, even during periods of unusual circumstances in an attorney's office, is not an acceptable excuse for any resulting failure to obtain personal knowledge of the filing of pleadings in this Court. *See State v. One 1977 Blue Ford Pick-up Truck*, 447 A.2d 1226, 1230–31 (Me.1982).

■ With respect to the implication by Plaintiff's counsel that the neglect resulted from his reliance upon a misunderstanding of an agreement between counsel to vary the requirements of the pertinent rules for the timing of appropriate responsive pleadings, two short answers dispose of any suggestion that such reliance constitutes "excusable neglect" under Rule 60(b)(1). First of all, Plaintiff's counsel concedes that he acted upon a misunderstanding as to the agreement and does not contend that any such agreement actually existed. A misunderstanding of an agreement on so important a matter is simply one more instance of "a palpable mistake by counsel." Second, the timeliness requirements of the Local Rules and of the pertinent provisions of the Federal Rules of Civil Procedure themselves are not simply guidelines for the convenience of counsel. Compliance with those requirements is made obligatory upon counsel by the plain meaning and force of the language used to prescribe them. To the extent that counsel agree there is to be a departure from those timeliness requirements, they are required, at the very least, to give the Court notice as to any variations in such requirements. It may even be that counsel are *required* to seek *the approval of the Court* as to such variation in those timeliness requirements. These provisions of the rules provide the administrative predicate upon which *the Court*, as well as counsel, may attend to the conscientious and expeditious prosecution of the work pending upon the Court's

docket. Counsel cannot be permitted to impede the Court's contribution to that effort by the unilateral and unsignaled destruction of that administrative predicate.

The pending Motion for Reconsideration, treated as a motion for relief from a Court order pursuant to Fed.R.Civ.P. 60(b)(1), is denied for failure to make a showing of excusable neglect justifying action by the Court pursuant to Rule 60(b)(1), there being no "unique or extraordinary circumstances," *Broussard v. CACI, INC.–FEDERAL*, Civil No. 83–1070P (June 7, 1984); *Spound v. Mohasco Industries, Inc.*, 534 F.2d at 411, which justify the intervention of the Court pursuant to the authority granted by that rule. *Picucci*, 101 F.R.D. at 769.

Accordingly, it is hereby *ORDERED* that Plaintiff's Motion for Reconsideration, treated as a motion for relief from a Court order pursuant to Fed.R.Civ.P. 60(b)(1) be, and it is hereby, DENIED.

So ORDERED.

### APPENDIX A

(a) Submission of Motions and Supporting Memoranda

A party filing a motion shall file, in duplicate, with the motion, a memorandum of law, including citations of supporting authorities. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

(b) Motions for Summary Judgment

(1) In addition to the material required to be filed by this rule, upon any motion for summary judgment there shall be annexed to the motion a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried.

(2) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record citations, shall be deemed admitted unless properly controverted by the statement required to be served by the opposing party.

(c) Objections to Motions

Unless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection, and the Court may act on the motion. Every party filing an objection shall file with the objection a separate memorandum of law, in duplicate, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which the objection is based.

(d) Reply Memoranda

Within 7 days of filing of any objection and memorandum in opposition to a motion, or, if a hearing has been scheduled, not less than 2 days prior to the hearing, the moving party may file a reply memorandum, in duplicate, which shall be confined strictly to replying to new matter raised in the objection or opposing memorandum.