Herbert G. **GIDEON**, et al., Plaintiffs,

v.

**ADMINISTRATOR, UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., Defendants.**

**Civ. No. 84–0167–P.**

United States District Court,
D. Maine.

Aug. 14, 1984.

Michael J. Pearce, Portland, Me., for plaintiffs.

Harlan J. Choate, Sp. Asst. U.S. Atty., Augusta, Me., for Small Business Admin.

Thomas G. Leahy, Deborah Ross, Atty., Portland, Me., for Oxford.

MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF OR-DER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

GENE CARTER, District Judge.

This case comes before the Court on the motion of the Plaintiffs, filed on July 12, 1984, seeking reconsideration of the Court's Orders, entered via the Clerk of Courts on June 27, 1984, pursuant to Local Rule 19(c). Those Orders granted Defendants' two Motions to Dismiss which had been brought under Fed.R.Civ.P. 12(b)(6). Defendants' first motion, filed on May 17, 1984, and accompanied by a supporting memorandum as required by Local Rule

19(a),[1] sought an order of the Court dismissing the Plaintiffs' Complaint. Also filed on the same date was a Motion to Dismiss Counts I, III, VI, VII, and VIII of the Complaint "for lack of subject matter jurisdiction." On June 27, 1984, both motions were granted by an endorsement of the Clerk, acting for the Court: "No objection having been filed motion *granted* per Local Rule 19(c)." (Emphasis in original.) The basis of that action was Plaintiff's failure to comply with the requirements of Local Rule 19(c) by filing within ten days after the filing of the Defendants' motion "a written objection thereto" with a supporting memorandum of law.[2] By virtue of that failure, under the force of the rule Plaintiffs were "deemed to have waived objection," and the Court was permitted to act on the motion. Local Rule 19(c).

On July 12, 1984, the Plaintiffs filed their Motion For Reconsideration And In The Alternative For Relief From Court Order. The Motion for Reconsideration was accompanied by the affidavit of Plaintiffs' counsel. Defendants filed on June 20, 1984, their Opposition to the Motion for Reconsideration. The text of the Motion for Reconsideration is as follows:

Now come Erebus, Inc., Herbert G. Gideon, and Judith Kelly Gideon, by and through counsel, and respectfully request this Court to enter its order

(1) Reconsidering or Agreeing to Reconsider the Court's Order of June 27, 1984 Granting Oxford Bank & Trust's Motion to Dismiss and allowing plaintiffs a reasonable period of time to brief the Court for purpose of reconsideration all pursuant to the Court's inherent authority to reconsider its own interlocutory orders and in the alternative

(2) Relieving plaintiffs from the aforesaid Order of June 27, 1984 pursuant to F.R.Civ.P. 60(b)(1) and (6).

---

1. Local Rule 19, as previously promulgated, was amended, effective June 1, 1984, and, as amended, is applicable to resolution of the issues raised herein. It is attached hereto as Appendix "A." It is published in *Maine Rules of Court* 972 (1984).

2. Plaintiff filed no request, within the time period, for enlargement of time within which objection might be filed.

The only provision of the Federal Rules of Civil Procedure which authorizes the Court to act to grant relief from a judgment for excusable neglect is that contained in Rule 60(b)(1), which provides: "On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." The Court will treat the Motion for Reconsideration as a motion brought pursuant to Rule 60(b)(1)[3] and deal with it on the basis of the case law pertinent to the construction and application of that provision of the rules.[4] *Greene v. Union Mutual Life Insurance Co.*, 102 F.R.D. 598, 601 (D.Me.1984).

The affidavit of Plaintiffs' counsel sets out the circumstances giving rise to the failure of Plaintiffs' counsel to timely file objection to the Defendants' Motion to Dismiss. The operative paragraphs of the affidavit state:

5. The reasons no written objections were lodged are as follow:

a. I objected to the bases underlying the motion to dismiss and the Court ruled on the material objections raised by the motion at a hearing on May 21, 1984. At that hearing, the issues of subject matter jurisdiction, standing, failure to state a claim, comity, adequate remedies at law, were vigorously argued and the Court rendered its decision. Thus although no written objection was lodged, vigorous oral objections have been made. The motion has also been mooted by the Court's actions on May 21st. At the very most, a mistake has been made which should be able to be corrected.

b. If a mistake was in fact made, it was caused by on-going negotiations involving Oxford. In this regard, one Pritham Singh, who has indicated a willingness to buy all of the Gideons' properties by, *inter alia*, paying off the claimed Oxford/SBA indebtedness, has been negotiating with Oxford from May 22, 1984 to date in an effort to settle this case. If a negotiated settlement is achieved, this case will be dis-

---

**3.** Plaintiff also asserts a right to relief under clause (6) of Rule 60(b) on the facts set out in the supporting affidavit. That clause provides that the Court may grant relief from a judgment for "any other reason justifying relief from the operation of the judgment." The affidavit, however, only makes a showing of "neglect" on the part of counsel.

Only one year after clause (6) was added to Rule 60(b), the United States Supreme Court spoke to the issue of the scope of the clause *vis-a-vis* the content of the first five clauses of the Rule in the case of *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). The Court noted that "neglect" as a basis for relief was controlled by clause (1) of the Rule. The Court held that in order to proceed under clause (6), the party seeking relief must show "far more" than such "mere allegations of 'excusable neglect'" as would be sufficient to obtain relief under clause (1). *Klapprott*, 335 U.S. at 613, 69 S.Ct. at 389. The following year the Court held that clause (6) did not reach a claim for relief based upon conduct deliberately chosen by the moving party. *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). These cases have led to a great number of federal cases holding that the provisions of the first five clauses of Rule 60(b) and of clause (6) operate with mutual

exclusivity and that where the nature of the basis for relief falls within one of the first five clauses, it may not be addressed under clause (6). *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2864, at 217 and n. 39 (collecting cases). This is the rule followed in the First Circuit. *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, at 651 (1st Cir.1972).

The supporting affidavit in this case, as previously noted, only sets out a "neglect" of counsel in failing to file the objection and supporting memorandum required by Local Rule 19(c). Such neglect can be the basis of relief under Rule 60(b) if it is found by the Court to constitute "excusable neglect." Thus, the mutual exclusivity construction of the Rule prevents the showing from being sufficient to warrant consideration under clause (6). Hence, the Court treats the issues here raised solely under Rule 60(b)(1).

**4.** The basis of relief asserted in the motion precludes its consideration as a motion pursuant to Rule 59(e) as one to "alter or amend a judgment." *See Scola v. Boat FRANCES, R., Inc.*, 618 F.2d 147, 153–4 (1st Cir.1980); *Morgan Guaranty Trust Co. v. Third National Bank*, 545 F.2d 758, 760 and n. 3 (1st Cir.1976); *Silk v. Sandoval*, 435 F.2d 1266 (1st Cir.1971).

missed. Due to negotiations, settlement, not litigation was in everyone's mind.

c. I was in the process of changing law firms for approximately the first two weeks of June, which resulted in disruption of this case due to packing, transferring, unpacking of files; negotiations, etc.

This is the sixth in a series of recent cases that have come before this Court on applications for relief from an Order or Judgment of the Court entered for failure to comply with the requirements of Local Rule 19(c) in respect to motion practice. *Greene v. Union Mutual Life Insurance Co.*, 102 F.R.D. 598 (D.Me.1984); *Broussard v. CACI, INC.-FEDERAL*, Civil No. 83–0170–P (D.Me. June 7, 1984); *Gagne v. Carl Bauer Schaubenfabrick, GmbH*, 101 F.R.D. 777 (D.Me.1984); *Picucci v. Town of Kittery*, 101 F.R.D. 767 (D.Me.1984); *Barca v. Thompson Aircraft Service*, Civil No. 82–0211–P (D.Me. February 1, 1984). The high incidence of these cases would almost lead one to believe that the requirements of Local Rule 19(c) are more honored in the breach than in their observance. This is a significant development because compliance with Local Rule 19(c) is indispensable to the orderly, efficient and expeditious management of the extensive motion practice of this Court. The requirements of the Rule form the administrative predicate for the action of the Court in deciding motions in the exercise of its judicial power and also for the administrative activities of the Clerk of Courts in managing the case load of the Court. *Greene*, 102 F.R.D. 598. The Rule makes reasonable requirements aimed at facilitating the performance of these functions. *Picucci*, 101 F.R.D. 767. The Court liberally grants requests for enlargement of the ten-day period prescribed by the Rule when application is made within that period. *Id.*

It is clear that in this Circuit the District Court is entitled to insist, in appropriate circumstances, upon compliance with the requirements of Local Rule 19(c). *Corey v. Mast Road Grain and Building Materials Co., Inc.*, 738 F.2d 11 (1st Cir.1984).

The Court has reviewed the motion and the supporting affidavit and those contents of the file pertinent to resolution of the issues raised by the motion. The issue raised is, once again, whether or not "a mere palpable mistake by counsel" or by counsel's staff, constitutes "excusable neglect" under Rule 60(b)(1). The applicable decisional law of this Circuit has been previously reviewed in the case of *Picucci v. Town of Kittery*, 101 F.R.D. 767, and in *Greene v. Union Mutual Life Insurance Co.*, 102 F.R.D. 598. The pending Motion for Relief From Judgment is denied for failure to make a sufficient showing of excusable neglect justifying the Court's intervention pursuant to Rule 60(b)(1), there being shown no "unique or extraordinary" circumstances. *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.1976); *Picucci*, 101 F.R.D. 767.

Plaintiffs set forth three factual circumstances which they contend justify a finding of excusable neglect under Rule 60(b)(1): (1) that oral statements were made in argument on the Plaintiffs' motions for a temporary restraining order that placed the Court on notice that the Plaintiffs objected to the Defendants' motions to dismiss; (2) that allegedly pending negotiations for settlement of the case justified a delay in counsel's filing of an objection to Plaintiffs' motions; and (3) that the failure to file an objection is excusable due to disruption arising from the fact that Plaintiffs' counsel was moving his office during the period when the objections were due. All of these arguments may be briefly dispatched.

First, the Rule requires the filing of a *written* objection and supporting memorandum. Thus, statements made by counsel in the course of oral argument on other motions are not sufficient to comply with the requirement of the Rule. Second, the pendency or pursuit of settlement discussions does not suspend the operation of Local Rule 19(c) or of any of the other procedural rules governing civil actions

pending before the Court. Were that to be so, the Court's docket would be reduced to a state of chaos all the time. Finally, it is counsel's responsibility to implement office procedures within their respective offices sufficient to assure compliance with the filing requirements of Local Rule 19(c) "even during periods of unusual circumstances in an attorney's office." *Greene*, 102 F.R.D. at 603. The Court is not obliged to assume responsibility in the course of the operation of its docket for the administrative derelictions of counsel and their staffs. See *Picucci*, 101 F.R.D. at 769.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Reconsideration, treated as a motion for relief from a Court order pursuant to Fed.R.Civ.P. 60(b)(1), be and is hereby DENIED.

So ORDERED.

### APPENDIX A

(a) Submission of Motions and Supporting Memoranda

A party filing a motion shall file, in duplicate, with the motion, a memorandum of law, including citations of supporting authorities. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

(b) Motions for Summary Judgment

(1) In addition to the material required to be filed by this rule, upon any motion for summary judgment there shall be annexed to the motion a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried.

(2) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record citations, shall be deemed admitted unless properly controverted by the statement required to be served by the opposing party.

(c) Objections to Motions

Unless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection, and the Court may act on the motion. Every party filing an objection shall file with the objection a separate memorandum of law, in duplicate, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which the objection is based.

(d) Reply Memoranda

Within 7 days of filing of any objection and memorandum in opposition to a motion, or, if a hearing has been scheduled, not less than 2 days prior to the hearing, the moving party may file a reply memorandum, in duplicate, which shall be confined strictly to replying to new matter raised in the objection or opposing memorandum.