## UNITED TRANSPORTATION UNION, Plaintiff,

v.

## MAINE CENTRAL RAILROAD COMPANY and Springfield Terminal Railway Company and Lamoille Valley Railroad Company, Defendants.

### Civ. No. 85-0184 P.

United States District Court,
D. Maine.

Sept. 18, 1985.

James F. Freeley, Jr., Feeney & Freeley, Boston, Mass., John Evans Harrington, Winterport, Me., for plaintiff.

Stephen H. Shook, Daniel S. Knight, Portland, Me., Robert A. Gensburg, St. Johnsbury, Vt., Stephen W. Olsen, Pittsburgh, Pa., for defendants.

## ORDER GRANTING DEFENDANT LAMOILLE VALLEY RAILROAD COMPANY'S MOTION TO DISMISS

GENE CARTER, District Judge.

In Counts III and IV of this action, Plaintiff seeks declaratory and injunctive relief against Maine Central Railroad Company and Lamoille Valley Railroad Company for alleged violation of an order of the Interstate Commerce Commission and for alleged violation of 45 U.S.C. § 152, Seventh. Defendant Lamoille has moved to dismiss both counts on two grounds: (1) that this Court lacks *in personam* jurisdiction over it; and (2) that venue in Maine is improper.

Plaintiff filed its opposition to Lamoille's motion to dismiss on August 12, 1985. No memorandum supporting the objection was filed, however. Local Rule 19(c) provides:

Unless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection, and the Court may act on the motion. Every party filing an objection *shall file* with the objection a separate memorandum of law, in duplicate, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which the objection is based.

(Emphasis added.)

The primary purpose of the Local Rules is to ensure the orderly, efficient, and expeditious functioning of the motion practice of the Court. *See Picucci v. Town of Kittery*, 101 F.R.D. 767 (D.Me.1984). On numerous previous occasions this Court has enforced the first sentence of Rule 19(c) by granting a motion to which no objection has been timely filed. *See, e.g., id.; Gideon v. Administrator, Small Business Administration*, 102 F.R.D. 604 (D.Me.1984). It is plain that the efficiency sought by the Local Rules requires more than a bare objection, however. Without an explication

of the grounds of a party's objection to a pending motion, the Court has no guidance in the resolution of the issue and must devote its limited resources to research that should have been focused initially by the objecting attorney. The Court's docket is full and its time must be devoted to resolving issues properly joined before it. The Court will not, and in fairness to all the parties, cannot do the work of the litigants as well as its own.

Rule 19(c) makes it clear that an objection is not complete unless a memorandum is filed along with it. In this circuit the District Court may, in appropriate circumstances, insist on compliance with the requirements of its Local Rules. *Corey v. Mast Road Grain and Building Materials Co., Inc.*, 738 F.2d 11 (1984). In this case Plaintiff requested and was granted an extension of time in which to respond to Defendant's motion to dismiss. Despite this extension, Plaintiff failed to file a complete objection before the time for such filing had passed. The Court will, therefore, grant Defendant Lamoille's motion to dismiss.

Accordingly, it is ORDERED that Defendant Lamoille's Motion to Dismiss Counts III and IV be, and it is hereby, GRANTED and the Clerk is directed to enter judgment in favor of said Defendant.

So Ordered.