923 F.2d 850
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur B. VAN HORN, Plaintiff-Appellant,
v.
Eric D. PERRINE, Defendant-Appellee.
 No. 90-2142.
United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 24, 1990.
Decided Jan. 18, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-89-1687-S)
 Clarence Eugene Martin, III, Martin & Siebert, Martinsburg, W.V., for appellant.
 D.Md.
 AFFIRMED.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant, Arthur Van Horn, filed a personal injury suit in Maryland district court, based on diversity of citizenship, on June 8, 1989. On November 28, the district court issued an order stating that the case would be dismissed without prejudice, due to the plaintiff's failure to effect service within the 120-day limit required by Fed.R.Civ.P. 4(j), "unless cause to the contrary is shown on or before December 8, 1989." By order dated December 13, 1989, the district court dismissed the case without prejudice. However, the suit could not be refiled because it was time-barred under Maryland law.
 
 
 2
 The plaintiff's attorney, Clarence Martin, claims that his secretary failed to bring these orders to his attention and that he was, therefore, unaware of the December 8 deadline to show cause. When the orders were discovered some time in February, Martin prepared a motion to set aside the judgment under Fed.R.Civ.P. 60(b) on the grounds of inadvertence and excusable neglect. However, he claims that his new secretary mistakenly placed the motion and supporting memorandum in a "hold" file which was not discovered until May 15, 1990, at which time they were filed with the district court. This motion was denied by the district court. Van Horn now appeals.
 
 
 3
 Rule 4(j) of the Federal Rules of Civil Procedure requires the dismissal of an action if service is not made upon the defendant within 120 days after the filing of the complaint. Norlock v. City of Garland, 768 F.2d 654 (5th Cir.1985); Powell v. Starwalt, 866 F.2d 964 (7th Cir.1989) (dismissal mandatory absent showing of good cause). A district court's dismissal under Rule 4(j) is reviewed for abuse of discretion. Whale v. United States, 792 F.2d 951 (9th Cir.1986); Lovelace v. Acme Markets, 820 F.2d 81 (3d Cir.), cert. denied, 484 U.S. 965 (1987).
 
 
 4
 The district court may extend the time for service upon a showing of good cause, e.g., excusable neglect. Although Martin did not learn of the show cause order until the case had already been dismissed, he did have an opportunity to demonstrate good cause in his Rule 60(b) motion. See Whale v. United States, supra. In Whale, the attorney argued that he never received notice that the district court intended to dismiss his action for failure to serve the defendants timely. The Ninth Circuit held:
 
 
 5
 [I]n his Rule 60(b) motion for reconsideration, Whale had adequate opportunity to demonstrate the requisite good cause for failure to serve the defendants. Therefore he was not prejudiced by the lack of notice. The same standard of review, abuse of discretion, applies to both a denial of a Rule 60(b) motion and a sua sponte dismissal under Rule 4(j).
 
 
 6
 Id. at 952-53 (citations omitted).
 
 
 7
 Martin has offered no explanation for his failure to comply with Rule 4(j). He states only that "despite a reasonable effort," he was unable to effect service of process within 120 days, and relies on his secretary's alleged misdeeds as a basis for setting aside the dismissal order. Other attempts to place the blame on secretarial errors have failed to establish good cause. See, e.g., Hart v. United States, 817 F.2d 78 (9th Cir.1987) ("Secretarial negligence, if it exists, is chargeable to counsel"); Picucci v. Town of Kittery, 101 F.R.D. 767 (D.Me.1984) (secretarial error not a basis for setting aside a judgment under Rule 60(b)).
 
 
 8
 It is unfortunate that Van Horn's claim is now time-barred under Maryland law. However, the inability to refile a suit does not bar dismissal under Rule 4(j). McDonald v. United States, 898 F.2d 466 (5th Cir.1990) (inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending the 120-day period for service despite the fact that statute of limitations has run).
 
 
 9
 Therefore, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.