[NOT FOR PUBLICATION—NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1228

JORGE W. RAMOS-PENA, ET AL.,

Plaintiffs, Appellants,

v.

NEW PUERTO RICO MARINE MANAGEMENT, INC.,
d/b/a NPR, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Stahl, Circuit Judge.

Jose R. Franco on brief for appellants.
Pedro J. Manzazno-Yates, Luis F. Colon-Conde and Fiddler,
Gonzalez & Rodriguez on brief and Motion for Summary Disposition
for appellees.

February 8, 2001

**Per Curiam**. Plaintiffs-appellants appeal from the denial of their motion for reconsideration. That motion asked the court to reconsider its denial of plaintiffs' motion for an extension of time to submit their opposition to defendants' motion for summary judgment in this employment discrimination case. The district court granted the motion for summary judgment without considering plaintiffs' opposition and denied plaintiffs' two motions for reconsideration. This appeal is from the denial of plaintiffs' second motion for reconsideration.

I. Background

Plaintiffs-appellants are five former employees of defendant, New Puerto Rico Marine Management, Inc., d/b/a NPR, Inc. ("NPR"). All five were discharged from employment with NPR as part of a reduction in force which defendants maintain was required by a necessary restructuring of the company following its transfer from public to private ownership. Plaintiffs' amended complaint included claims that they had been discriminated against based on their age, ethnicity and (in two cases) gender, in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Equal Employment Opportunities Act, 42 U.S.C. § 2000e, et seq. ("Title VII").

On August 20, 1999, defendants served their motion for summary judgment upon plaintiffs. Before the ten-day deadline for opposing the motion had arrived, plaintiffs filed a motion asking the court to hold "in abeyance" the deadline for responding, to allow them time to obtain previously-requested documents from defendants. Interpreting the motion as pursuant to Fed.R.Civ.P. 56(f), the district court denied it, but set a new deadline of October 15, 1999, for plaintiffs to file a response to the summary judgment motion. In its order, the court found that the documents that plaintiffs had been waiting for had been produced by the date of the order (October 1, 1999). The court stated that if plaintiffs failed to meet the October 15, 1999 deadline, "the Court will not consider his response to Defendant's Motion for Summary Judgment." On October 15, 1999, plaintiffs filed a second request for an extension of time, until November 1, 1999, to file their opposition to the motion for summary judgment. The court denied the extension and granted defendants' motion for summary judgment without considering plaintiffs' opposition, which was filed with the court on November 5, 1999.

In their first motion for reconsideration, filed after the district court's grant of defendants' summary

-3-

judgment motion, plaintiffs repeated the arguments they had included in their opposition to the summary judgment motion. They argued that the district court had erred in finding that plaintiffs could not meet their prima facie burden of proving discrimination in violation of the ADEA and Title VII. They focused primarily on defendants' failure to meet their burden of demonstrating a legitimate, non-discriminatory reason for the lay-offs. Specifically, plaintiffs concentrated on the argument that there was no evidence that NPR was in poor financial condition at the time of the lay-offs. In its order denying the motion, the district court did not address the merits of its decision but, instead, stated that it would not consider plaintiffs' arguments in opposition to summary judgment because of plaintiffs' failure to comply with the October 15, 1999 deadline.

In their second motion for reconsideration, plaintiffs argued that the district court abused its discretion in denying its request for an extension of the October 15, 1999 deadline for filing its opposition to the summary judgment motion. They argued that the time to respond to the summary judgment motion was insufficient because their attorney is a sole practitioner and the case

is complex.  Plaintiffs asked the court to consider the arguments raised in their opposition to the motion for summary judgment and in the first motion for reconsideration.  The district court denied the second motion for reconsideration, without additional comment.  This appeal is from that denial only.

II. <u>Discussion</u>

Pursuant to Fed.R.Civ.P. 6(b), the district court "for cause shown may at any time in its discretion . . . order the [time] period [for complying with court-imposed or other deadlines] enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order."  We "afford[] [district courts] great leeway in granting or refusing enlargements [under Rule 6(b)] and its decisions are reviewable only for abuse of that discretion." <u>Maldonado-Denis</u> v. <u>Castillo-Rodríguez</u>, 23 F.3d 576, 584 (1st Cir. 1994).  The reasoning behind our deference is as follows:

> This deference is grounded in common sense.  We deem it self-evident that "appellate courts cannot too readily agree to meddle in such case-management decisions lest the trial court's authority is undermined and the systems sputter."

<u>Id.</u> (citations omitted).  With respect to a district court's rulings on pre-trial discovery matters, this court "will intervene in such matters 'only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.'" <u>Rodriguez-Cuervos</u> v. <u>Wal-Mart Stores, Inc.</u>, 181 F.3d 15, 23 (1st Cir. 1999) (citations omitted).

This appeal is not from the order granting defendant's summary judgment motion.  Instead, plaintiffs have appealed only from the denial of the second motion for reconsideration.  A district court's denial of a motion for reconsideration is also reviewed deferentially.

> An appellate court ought not to overturn a trial court's denial of a motion for reconsideration unless a miscarriage of justice is in prospect or the record otherwise reveals a manifest abuse of discretion.

<u>Ruiz Rivera</u> v. <u>Riley</u>, 209 F.3d 24, 27 (1st Cir. 2000).

Applying these deferential standards of review, we conclude that the district court did not abuse its broad discretion in denying the second motion for reconsideration. Underlying that judgment is our determination that the district court did not abuse its discretion under Fed.R.Civ.P. 6(b) in denying plaintiffs' request for a

-6-

further extension of the deadline for filing their opposition to defendants' summary judgment motion.

Under Rule 56(c), an adverse party is entitled, at a minimum, to ten days to respond to a summary judgment motion. Delgado-Biaggi v. Air Transport Local 501, 112 F.3d 565, 567 (1st Cir. 1997). The plaintiffs had almost two months to respond. The record reveals that the documents that were the subject of plaintiffs' Rule 56(f) motion were delivered to plaintiffs on September 21, 1999. Therefore, they still had twenty-four days from the date they received those documents to prepare and file their opposition. Notwithstanding that plaintiffs' attorney is a sole practitioner, the following principle applies:

> "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences."

Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 & n.3 (1st Cir. 1990)(quoting Pinero Schroeder v. Federal Nat'l Mortgage Ass'n, 574 F.2d 1117, 1118 (1st Cir. 1978)(per curiam)). There was no abuse of discretion in the district court's decision to enforce its October 15, 1999 deadline.

In determining that there was no abuse of discretion by the district court, we also note that

plaintiffs do not appear to have been prejudiced by the district court's refusal to consider their opposition. Under the burden-shifting framework that applies to ADEA and Title VII claims, the initial burden is on the plaintiff to make a prima facie showing of discrimination. See Woodman v. Haemonetics Corp., 51 F.3d 1087, 1091 (1st Cir. 1995). Only if that initial burden is met by plaintiff does the burden then shift to defendant to demonstrate a nondiscriminatory reason for the challenged employment action. See id.

Here, the district court granted summary judgment on the ADEA and Title VII claims on the ground that plaintiff could not meet its initial burden of making a prima facie showing of discrimination. Therefore, it did not reach the question of whether defendant had met its burden of demonstrating a nondiscriminatory reason for the lay-offs. In their opposition to summary judgment, however, plaintiffs did not contest the material facts on which the court relied in concluding that plaintiffs could not establish a prima facie case. See United States District Court for the District of Puerto Rico Local Rule 311(12). Instead, plaintiffs argued that defendants could not meet their burden of demonstrating a legitimate, non-discriminatory reason for the discharge of plaintiffs.

Because plaintiffs' opposition argued that defendants had not met their burden while the district court ruled that the burden never shifted to defendants, plaintiffs were not prejudiced by the district court's denial of their motion for reconsideration.

The district court's order dated January 11, 2000, denying plaintiffs' Second Motion for Reconsideration, is affirmed. See Loc. R. 27(c).