**UNITED TRANSPORTATION UNION, Plaintiff,**

v.

**MAINE CENTRAL RAILROAD COMPANY and Springfield Terminal Company and Lamoille Valley Railroad Company, Defendants.**

Civ. No. 85–0184 P.

United States District Court,
D. Maine.

Oct. 13, 1987.

James F. Freeley, Jr., Boston, Mass., John Evans Harrington, Winterport, Me., for plaintiff.

Stephen W. Olsen, Pittsburgh, Pa., Jay S. Blumenkopf, Portland, Me., for defendants.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

GENE CARTER, District Judge.

In June 1985 Plaintiff filed a four-count complaint in this Court concerning two leases of track by Maine Central—one to the Georgia Pacific Corporation and the second to Lamoille Valley Railroad Company. Both leases and various transactions

relating to them [1] were exempted from regulation by the Interstate Commerce Commission (ICC) under 49 U.S.C. § 10505. In connection with all but one transaction, the ICC imposed labor protective benefits as described in *Mendocino Coast Railway, Inc.—Lease and Operate—California Western Railroad*, 360 ICC 653 (1980), *aff'd sub nom. Railway Labor Executives' Association v. United States*, 675 F.2d 1248 (D.C.Cir.1982).

In Counts I and II of the complaint, the UTU seeks declaratory and injunctive relief in connection with the Woodland lease, alleging (1) that Maine Central and Springfield Terminal failed to comply with the ICC Order by not meeting the notice requirements of *Mendocino Coast* and by not negotiating an implementing agreement, and (2) that Maine Central violated the *status quo* provisions of section 6 of the Railway Labor Act (RLA), 45 U.S.C. § 156, by allowing Springfield Terminal crews to operate trains over the Woodland Branch without having complied with section 6 of the RLA.

In Counts III and IV, Plaintiff sought similar relief concerning the lease to Lamoille Valley Railroad of Maine Central track. On September 3, 1985, this Court granted Defendant Lamoille Valley's Motion to Dismiss Counts III and IV on the grounds that counsel for the Plaintiff had not filed a memorandum in support of its opposition to the motion, thus violating Local Rule 19(c).

Currently before the Court is Defendants' motion to dismiss the complaint on several grounds. First, Defendants argue as to Count I that Maine Central and Springfield Terminal have fully complied with the ICC's order. Defendants further assert that Counts II and IV represent an impermissible collateral attack on the ICC order, and in any event that the RLA is preempted by the Interstate Commerce

Act. Finally, Defendants claim that this Court has no subject matter jurisdiction over Count III because Plaintiff's sole recourse is in arbitration. Plaintiff's counsel moved for an extension of time in which to file the opposition to the motion and supporting memorandum, required by Local Rule 19(c). There being no objection, the Court granted the motion for the extension of time, providing counsel with more than a month beyond the original filing deadline to prepare an appropriate opposition.

On August 21, 1987 Plaintiff's counsel filed a "memorandum," the sole substance of which is:

> The plaintiff assigns as reasons for its opposition as follows:
>
> The United Transportation Union adopts and incorporates the memorandum and papers filed by Railway Labor Executives' Association's counsel, John O'B. Clark, in civil action # 87–0034 P, *Railway Labor Executives' Association et al. vs. Guilford Transportation Industries, Inc., et al.*, and decided July 27, 1987 by this Honorable Court.

As the Court made plain to *Plaintiff's same counsel* before in its order on the earlier motion to dismiss in this case,

> the efficiency sought by the Local Rules requires more than a bare objection.... Without an explication of the grounds of a party's objection to a pending motion, the Court has no guidance in the resolution of the issue and must devote its limited resources to research that should have been focused initially by the objecting attorney. The Court's docket is full and its time must be devoted to resolving issues properly joined before it. The Court will not, and in fairness to all the parties, cannot do the work of the litigants as well as its own.

*United Transportation Union v. Maine Central Railroad Co.*, 107 F.R.D. 383 (D.Me.1985).

---

**1.** The transactions relating to the Woodland Branch which were exempted included the lease of the Woodland Branch to Georgia Pacific; Springfield Terminal's contract to operate the Woodland Branch for Georgia Pacific; and a pooling arrangement between Canadian Pacific, Ltd. and Maine Central for Canadian Pacific to

physically handle all of Maine Central's and Canadian Pacific's traffic on the Woodland Branch. The Lamoille Valley lease involved the lease by Maine Central of its line between points in New Hampshire and Vermont to the Lamoille Valley Railroad Company.

By submitting a memorandum that is not responsive to the instant motion, but which was instead submitted in another action, Plaintiff's counsel is again seeking to have the Court devote its limited resources to delineating an issue that should have been focused by him. The Court is, therefore, forced to reiterate emphatically that it will not do the work of this party.

The memorandum that has been submitted does not deal in any respect with Defendants' argument on Count I that Maine Central and Springfield Terminal have fully complied with the ICC order as it regards the notice provisions of *Mendocino Coast* and the negotiation of an implementing agreement. In fact, it does not deal in any way at all with the specifics of this case since it was written for another case.

The bulk of the memorandum submitted deals in a scholarly, generic fashion with the relationship between ICC orders and labor relations obligations under the RLA. Specifically, it argues that RLA obligations are not preempted by the exemption found in section 11341(a) of the Interstate Commerce Act and that Plaintiff's suit is not an impermissible collateral attack on an order of the ICC. These arguments are generally responsive to arguments made by Defendants in their motion to dismiss. The Court notes, however, that before this memorandum was filed, the Court rejected the identical arguments when they were presented in Civil Action 87–0034–P, stating:

> Plaintiffs have countered Defendant's argument by presenting the Court with a comprehensive analysis of the controlling statutory provisions and their legislative history. Were the Court writing on a clean slate, Plaintiffs' arguments would need to be commented upon in depth. Here, however, the Court finds that its decision is controlled by *Brotherhood of Locomotive Engineers v. Boston & Maine Corp.*, 788 F.2d 794 (1st Cir.), *cert. denied* [— U.S. ——], 107 S.Ct. 111 [93 L.Ed.2d 59] (1986).

In *Boston & Maine*, the First Circuit considered whether section 11341 of the Act precluded a party who was adversely affected by the implementation of a section 10505–exempted lease from pursuing claims that would otherwise fall within the jurisdiction of the federal courts under the RLA. *Id.* at 796–99. The Circuit held that the exemption provided by section 11341 relieves the participants from *any* legal obstacles that would impede the transaction. *Id.* at 800.

Plaintiffs have attempted to distinguish their claims from the *Boston & Maine* case by emphasizing the following three sets of facts: one, that in *Boston & Maine*, the ICC had specifically considered the effect of the lease on the parties' rights in the underlying exemption proceeding, where here Plaintiffs have raised these issues before the Court; two, the present case includes an allegation that Defendants had no right to enter the leases; and three, even under the section 11341 exemption, Defendants have no right to deal directly with their employees regarding the ICC-imposed employee protection conditions. The Court, however, finds *Boston & Maine* to be equally applicable to the present case and thus controlling precedent.

*Railway Labor Executives' Association v. Guilford Transportation Industries, Inc.*, 667 F.Supp. 29, 35 (D.Me.1987).

Since it did not file a memorandum specific to this case, Plaintiff clearly has not attempted to distinguish .its claims from those asserted in *Brotherhood of Locomotive Engineers v. Boston & Maine Corp.*, where Defendants assert, "[a] nearly identical set of circumstances as those involved in the Woodland lease was present." In fact, by submitting the same memorandum as it had in *Railway Labor Executives' Association v. Guilford Transportation Industries, Inc.*, 667 F.Supp. 29, Plaintiff leads the Court to believe that its claims are identical to the ones presented in that case. As demonstrated above, this Court found RLEA's claims sufficiently similar to those in *Brotherhood of Locomotive Engineers v. Boston & Maine Corp.* to warrant adoption of that case as controlling prece-

dent. Plaintiff has done *nothing* to argue that the same result should not occur here.[2]

Finally, Defendants have argued that Count III should be dismissed for lack of jurisdiction because "the proper and exclusive forum to determine all questions of interpretation, application or enforcement of *Mendocino Coast* is arbitration in accordance with *Mendocino Coast.*" Defendants' Memorandum at 31. The memorandum submitted by Plaintiff's counsel does not address this issue and is of no assistance to the Court.[3]

As Plaintiff's counsel has been previously admonished, under Local Rule 19(c) a satisfactory memorandum in opposition to a motion is supposed to focus the issues and provide guidance in their resolution. By failing to address many of the issues raised by Defendants and by failing to tailor the one apposite, but already rejected argument to the case at hand, this memorandum does neither. Plaintiff's filing of, and reliance upon, this memorandum, neither written nor edited by counsel and largely inapposite to the issue generated in this case, represents lazy, inadequate advocacy *at its worst.* Such conduct is in flagrant violation of the requirements of Local Rule 19(c).

Accordingly, because of Plaintiff's failure to file a memorandum in compliance with Local Rule 19(c), it is hereby ORDERED that Defendants' Motion to Dismiss be, and it is hereby, GRANTED and the Complaint is hereby DISMISSED.

---

[2] From its own perusal of the complaint, unaided by any explanation by Plaintiff's counsel, the Court notes that this case seems more similar to the controlling *Brotherhood of Locomotive Engineers v. Boston and Maine Corp.* precedent that was the earlier case of *Railway Labor Executives' Association v. Guilford Transportation Industries, Inc.* The ICC, in its initial exemption proceeding and particularly in its August 22, 1985 decision on Plaintiff's motion for reconsideration, considered the effect of the lease on the parties' rights. Moreover, this case, like *Brotherhood of Locomotive Engineers,* deals with the implementation of a lease, not the ability of the carriers to enter into the leases in question.

[3] To the extent that Count III alleges a violation of the Railway Labor Act, Defendants and the Court dealt with the issue in the discussion of earlier counts.