UNITED STATES of America, Plaintiff,

v.

John Joseph PADAVANO,
D.O., Defendant.

Civ. No. 86–0288–P.

United States District Court,
D. Maine.

July 13, 1987.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for plaintiff.

Stephen Daniel Keeffe, Washington, D.C., Harold C. Pachios, Portland, Me., and Randall B. Weill, for defendant.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

This case is before the Court on Plaintiff United States of America's motion for summary judgment. For the reasons stated herein, the motion will be granted.

The undisputed facts are as follows. In 1979 Defendant John Joseph Padavano signed a contract with the Secretary of Health, Education and Welfare (now Health and Human Services) for participation in the National Health Service Corps (NHSC) Scholarship Program. Under the contract, the Secretary agreed (1) to provide Defendant with a one-year scholarship award to assist with Defendant's medical education, (2) to accept Defendant for one year of obligated service in the NHSC or such other unit of the Department of [HHS] as the Secretary might designate, and (3) to defer, upon Defendant's request, performance of Defendant's obligated NHSC or other service for up to three years in order to permit Defendant to obtain further training. In return, Defendant agreed to maintain full-time enrollment and acceptable academic standing and to serve in the NHSC or other unit of the Department for one year after completion of his medical education. The contract also provided that if Defendant failed to begin or complete his period of obligated service, Plaintiff would be entitled to recover three times the award (minus an allowance for any service actually performed) plus interest calculated at the maximum legal pre-

vailing rate as determined by the Treasurer of the United States.

The contract was extended for two subsequent years (1980–81 and 1981–82) so that ultimately Defendant received $54,309 and obligated himself to serve for a total of three years. Upon completion of his education in osteopathy, Defendant applied to NHSC for a four-year deferment of performance of his obligated service, stating that he wanted to complete a four-year residency in orthopedic surgery. NHSC denied the request, stating that deferments for more than three years would be granted only if the training were in a specialty necessary to NHSC's mission of providing primary care in federally designated Health Manpower Shortage Areas. In NHSC's view, orthopedics was not such a specialty.

Defendant, determined to serve the orthopedic surgery residency, failed to begin his period of obligated service on July 1, 1983, as required by the contract, and was declared in default as of that date. Plaintiff filed this action seeking to collect three times the $54,309 received, or $162,927, plus accrued interest (at an annual rate of 16.76 percent) equal to $166,633.17 as of February 2, 1987, plus $74.81 per day thereafter. The total allegedly due exceeds $339,000.

■ Plaintiff now moves for summary judgment. In compliance with Local Rule 19(b), Plaintiff has filed a statement of undisputed material facts supported by appropriate record citations. Defendant has submitted a statement of disputed material facts, but has failed to support this statement with any record citations whatsoever.[1] Local Rule 19(b)(2) states that:

> [t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record citations, will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.

Therefore, Defendant is deemed to have admitted those facts listed by Plaintiff as undisputed. *See McDermott v. Lehman,* 594 F.Supp. 1315, 1320–21 (D.Me.1984). The remaining question is whether those undisputed facts entitle Plaintiff to judgment as a matter of law. *Id.* at 1321; Fed.R.Civ.P. 56(c).

It is clear that the parties entered into a contract, that Defendant did not perform his obligation thereunder, and that Plaintiff is seeking a triple pay-back plus interest as specified in the contract. The only remaining legal questions are Defendant's four defenses: laches, illegal interest rate, fraud in the inducement, and "lack of mu-

---

1. In opposition to Plaintiff's motion, Defendant has submitted his own affidavit, but nowhere in Defendant's statement of disputed material facts does he cite to this affidavit or to anything else in the record. The Court has nevertheless examined the affidavit and finds that it refers to only one disputed factual matter that is arguably material. Specifically, the affidavit states that NHSC told Defendant that after medical school he "could look forward, if qualified, to a residency in one of the [Public Health Service] hospitals at an entry federal pay level for professionals." Upon Defendant's graduation, his affidavit continues, the PHS hospitals had been closed and no such residency was available to him. The affidavit fails to identify the personnel who allegedly made the representations or the dates on which they were made.

Even assuming, however, that NHSC had made such a representation to Defendant, that fact would not be material to the question whether Defendant is liable on his contract with NHSC. First, the representation regarding PHS hospital residencies was nowhere incorporated into the contract itself. Second, even if it had been so incorporated, Defendant does not allege that unavailability of such a residency was a material breach, *i.e.,* was what caused him to fail to begin his obligated service. Instead, the undisputed facts are that Defendant failed to begin his obligated service when required because he wished to complete a four-year residency in orthopedic surgery and, in fact, began this residency despite NHSC's denial of his request for a deferral. Nowhere does Defendant's affidavit state that he was promised he could obtain a deferral to serve a residency *regardless of its length,* or that he could serve a residency *of his choice* in a PHS hospital. Defendant's statement of disputed material facts sets forth this latter allegation but cites nothing in the record to support it.

tuality of contract and lack of consideration."

 Defendant's laches defense is completely without merit. Not only does Defendant fail to explain how Plaintiff has slept on its rights or how this has prejudiced him, but, more important, a private defendant may not assert laches against the government. *Guaranty Trust Co. v. United States*, 304 U.S. 126, 132, 58 S.Ct. 785, 789, 82 L.Ed. 1224 (1938); *United States v. Hughes House Nursing Home, Inc.*, 710 F.2d 891, 895 (1st Cir.1983).

 Defendant next asserts that the 16.76 percent annual interest rate violates the United States Constitution and the Constitution and laws of Maine. Yet, Defendant points to no specific constitutional provision or law in support of this argument. Defendant also argues in his memorandum that the triple pay-back provision in the contract is unenforceable as a penalty. Again, however, Defendant cites absolutely no authority for this argument. The Court concludes that the triple pay-back provision, which includes a formula that would have reduced the damages proportionately if Defendant had performed any part of his obligated service, is a valid liquidated damages clause rather than an unenforceable penalty. *See United States v. Hayes*, 633 F.Supp. 1183 (M.D.N.C.1986); *United States v. Swanson*, 618 F.Supp. 1231, 1243–44 (E.D.Mich.1985).

 Defendant finally asserts fraud in the inducement and "lack of mutuality of contract and lack of consideration." The apparent basis of these defenses is Defendant's claim that before he entered the contract, he was promised a residency of his choice at a PHS hospital in New England "at an entry federal pay level for professionals." *See supra* n. 1. However, Defendant points to nothing in the contract that reflects these promises, nor does he offer the slightest factual support for his allegations that NHSC personnel made such promises. Defendant also asserts that under the contract he could apply to fulfill his service obligation by serving in private practice in a Health Manpower Shortage Area designated by the Secre-

tary; Defendant argues that he has been denied the right to exercise this Private Practice Option (PPO). However, it is undisputed that, at least before he was declared in default, Defendant never even applied to serve a PPO. Defendant's defenses of fraud in the inducement, lack of mutuality, and lack of consideration thus are meritless.

There being no genuine issue of material fact and Plaintiff being entitled to judgment as a matter of law, it is <u>ORDERED</u> that Plaintiff's motion for summary judgment be, and it is hereby, <u>GRANTED.</u>