COASTAL SAVINGS BANK, Plaintiff,

v.

ARKWRIGHT–BOSTON MANUFACTURERS MUTUAL INSURANCE COMPANY and The Aetna Casualty and Surety Company, Defendants.

ARKWRIGHT–BOSTON MANUFACTURERS MUTUAL INSURANCE COMPANY, Third–Party Plaintiff,

v.

GOWEN, INC., Third–Party Defendant.

Civ. No. 87–0108–P.

United States District Court,
D. Maine.

June 3, 1988.

**18**

John A. Ciraldo, Perkins, Thompson, Hinckley & Keddy, and Andrew A. Cadot, Portland, Me., for plaintiff.

Geoffrey K. Cummings, Elizabeth A. Olivier, Portland, Me., for Gowen.

James M. Bowie, Hunt, Thompson & Bowie, Portland, Me., for Aetna.

Michael X. Savasuk, Portland, Me., Robert J. Giuffra, New York City, for A–B Ins. Co.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

## I. BACKGROUND

In February of 1985, Plaintiff Coastal Savings Bank ("Coastal") loaned $138,400 to Daniel Todd of Chebeague Island, Maine. To secure this loan, Coastal obtained a First Preferred Ship's Mortgage on Todd's fishing boat, F/V BIG DIPPER, and required Todd to obtain an "all risk" marine insurance policy on the boat. Todd obtained the insurance from Defendant Arkwright–Boston Manufacturers Mutual Insurance Company ("Arkwright") through its agent, Mutual Marine Office, Inc. Upon the payment of an additional premium, Coastal was named as a loss payee under the policy. A provision in the policy specified that Coastal's interest in the policy proceeds could not be hindered by any act or omission of Todd, and that the policy could only be canceled as to Coastal fifteen days after Coastal received *written* notice of such cancellation.[1]

---

1. The policy provides:
   In the event of cancellation or modification of the coverage in this Policy, [Arkwright] shall give fifteen (15) days written notice thereof of such cancellation or modification to the mortgagee prior to the effective date thereof.

In early September of 1986, Philip Fearon, the Vice President of Coastal in charge of the loan to Todd, became aware during a company audit that Todd's insurance policy was due for renewal in November. Fearon called Todd's insurance broker to remind him of this fact. The broker informed Fearon that Arkwright had canceled Todd's policy, effective April of 1986. Coastal had never received any notice, written or otherwise, of the cancellation. Coastal then purchased insurance with a limit of $75,000 from Defendant Aetna Casualty and Surety Company ("Aetna") for a one-month period beginning September 11, 1986.

After the F/V BIG DIPPER sustained damage at sea, Todd had her hauled ashore at the Portland shipyard of Third–Party Defendant Gowen, Inc. ("Gowen"). On September 13, 1986, the F/V BIG DIPPER was effectively destroyed by a fire while in dry dock at Gowen. Both Arkwright and Aetna have refused Coastal's demands for payment.

Coastal filed this action in April of 1987, demanding all sums due it from Arkwright and Aetna. Arkwright subsequently filed a third-party complaint against Gowen, alleging that Gowen was negligent in failing to maintain adequate security in the shipyard and failing to clean the boat to prevent ignitable gas from seeping through the bilges and engine room, and seeking indemnity if it should be found liable under the insurance policy. Gowen filed a counterclaim against Arkwright, asserting that Gowen holds a preferred maritime lien which establishes an interest in the insurance proceeds.[2]

Coastal now brings this motion for partial summary judgment, and "requests that this Court decide whether the subject policy was effectively canceled as to Coastal where no notice of such cancellation was conveyed to Coastal." Coastal has also filed a Statement of Material Facts, as required by Local Rule 19(b), and a two-page affidavit from Philip Fearon, Coastal's Vice President. Aetna has joined with Coastal in the motion against Arkwright. Arkwright filed a memorandum in opposition to Coastal's motion, a cross-motion for partial summary judgment against Coastal, and a motion for summary judgment against Gowen. Arkwright has not filed a statement of material facts, in violation of Local Rule 19(b). Both Coastal and Gowen argue that they are entitled to prevail because of Arkwright's noncompliance with the Local Rules.

## II. THE EFFECT OF ARKWRIGHT'S FAILURE TO FULFILL THE REQUIREMENTS OF LOCAL RULE 19

Local Rule 19 provides that a party filing a summary judgment motion must also file a statement of the material facts upon which there is no genuine issue for trial.[3] A party opposing a summary judgment motion must file a statement of the material facts which are in dispute. Unless controverted by the opposing party's statement of material facts, the material facts properly included in the moving party's statement will be deemed to be admitted.[4] In other words, in its opposition to Coastal's motion, Arkwright should have filed a statement of the material facts, supported by appropriate record citations, as to which there exists a genuine issue to be tried. In

---

2. Gowen also filed a counterclaim against Coastal, but on December 15, 1987, the parties agreed to dismiss the counterclaim without prejudice.

3. Local Rule 19(b)(1) provides, in pertinent part:

In addition to the material required to be filed by this rule, upon any motion for summary judgment there shall be annexed to the motion a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried.

4. Local Rule 19(b)(2) provides, in pertinent part:

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record citations, will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.

support of its cross-motion for summary judgment against Coastal and its motion for summary judgment against Third–Party Defendant Gowen, Arkwright should have filed a statement of the material facts, supported by appropriate record citations, as to which there exists no genuine issue to be tried. However, Arkwright failed to file any statement of material facts.

Counsel's compliance with the Local Rules is indispensable to the Court's effective management of its busy docket. *Picucci v. Town of Kittery*, 101 F.R.D. 767, 769 (D.Me.1984). Such a requirement is nothing more than a rationally based compromise between the interests of litigants and their counsel and the need of this Court to work efficiently. *Id.* Local Rule 19(b) creates a means by which the Court may quickly and accurately establish whether a genuine issue of material fact exists. The Rule puts little burden on the parties, and relieves the Court of the onerous task of pouring through dozens of pages of irrelevant documents to find the pertinent material and determine the motion's merits. A good example of the problems created when counsel fails to abide by the Local Rules is the case at bar, where Arkwright has submitted no statement of material facts, let alone citations to the record, but has filed approximately one hundred pages of documents and deposition transcripts. It would be a grievous waste of judicial resources for the Court to spend several hours reviewing these documents, when a simple statement with record citations would suffice.

Accordingly, pursuant to Local Rule 19, Arkwright is deemed to have admitted those facts listed by Coastal as undisputed. *United States v. Padavano*, 664 F.Supp. 28, 29 (D.Me.1987). Specifically, the Court is satisfied that the policy required Arkwright to provide written notice of cancellation; no written notice of cancellation was ever sent to Coastal, and Coastal never received any such notice; the vessel was destroyed by fire in September of 1986; a Notice of Loss was filed with Mutual Marine Office on behalf of Coastal; and Arkwright has not paid Coastal on its claim.[5] The remaining question is whether these undisputed facts entitle Plaintiff to judgment as a matter of law. *McDermott v. Lehman*, 594 F.Supp. 1315, 1320–21 (D.Me. 1984).

The insurance policy expressly and unambiguously provides that Arkwright could not cancel the policy without fifteen days written notice to Coastal, the mortgagee. Arkwright's failure to notify Coastal effectively continued the policy in effect as to Coastal. *Tarleton v. DeVeuve*, 113 F.2d 290, 298 (9th Cir.1940). *See also* 17 *Couch on Insurance*, 2d (Rev. Ed.) § 67:95 at 552 ("the suspension of a policy . . . upon failure of the insured to pay assessments has no effect as to a mortgagee under a loss payable clause containing the provision that 'this insurance company agrees to give the mortgagee 10 days written notice before the cancellation of this policy,' where no such notice was given.") (citations omitted). Moreover, under Maine law,[6] Arkwright could not effectively cancel Coastal's policy until ten days after Coastal received a written notice of cancellation. 24–A M.R.S.A. § 2908(5). Thus, Arkwright never effectively canceled

---

**5.** While neglecting to dispute any of the contentions in a statement of material facts, Arkwright does address the issue of notice in its memorandum of law. Arkwright argues that "there is still a possible issue of material fact" since "an agent or other firm may have sent such notice" and that Fearon's credibility is suspect. Arkwright's contentions do not raise a genuine factual dispute. While Arkwright, as the nonmoving party, may be entitled to all favorable inferences, it " 'is not entitled to build a case on gossamer threads of whimsey, speculation and conjecture.' " *Hahn v. Sargent*, 523 F.2d 461, 467 (1st Cir.1975) (quoting *Manganaro v. Delaval Separator Co.*, 309 F.2d 389, 393 (1st Cir.

1962), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976)). Arkwright has not offered any evidence indicating that there is a genuine issue of fact. *See id.* at 464 (evidence manifesting the factual dispute must be "substantial").

**6.** A marine insurance contract's interpretation is determined by reference to state law, in the absence of a specific and controlling federal admiralty rule. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 316, 75 S.Ct. 368, 371, 99 L.Ed. 337 (1955).

Coastal's policy, and Coastal was covered for the damages sustained to the F/V BIG DIPPER. Accordingly, Coastal is entitled to partial summary judgment, and Arkwright's cross-motion on the issue of liability will be denied.

■ Arkwright's summary judgment motion against Gowen will be denied, since Arkwright has filed none of the materials required by Local Rule 19 in support of its motion. Failing compliance with the Local Rule, the motion is incomplete, *see United Transportation Union v. Maine Central Railroad Co.,* 107 F.R.D. 383, 384 (D.Me. 1985), and the Court will not act on it. Dismissal will be without prejudice, however, so that Arkwright may promptly reassert it in proper form if it chooses to do so. *See East Coast Engineering v. 17.3 Acres of Land and Water Rights Appurtenant Thereto,* Civ. No. 84–0233–P, slip op. at 3 (D.Me. March 3, 1986).

Accordingly, Plaintiff's Motion for Partial Summary Judgment is hereby GRANTED; the Court finds that Arkwright did not effectively cancel the policy as to Coastal, and coverage exists on Coastal's behalf for the damages sustained to the F/V BIG DIPPER. Arkwright's cross-motion for summary judgment against Coastal is hereby DISMISSED with prejudice. Arkwright's summary judgment motion against Gowen is hereby DISMISSED without prejudice.

So ORDERED.