**Omer OUELLETTE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. 84–0129 P.**

United States District Court, D. Maine.

Sept. 11, 1984.

---

Michael A. Bell, Bell & Georges, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This case is before the Court on the Motion of the Defendant Secretary to Vacate Judgment entered on August 2, 1984. The motion was filed on August 23, 1984.

Plaintiff's complaint in this action seeks to obtain judicial review of a final decision of the Defendant Secretary pursuant to 42 U.S.C. § 405(g), § 1383(c)(3), and § 1395ff(b). The complaint was filed on April 12, 1984, and service of process was effected on the Defendant on April 20, 1984. On June 20, 1984, the Defendant Secretary moved to remand the case due to her inability to produce a record of the proceedings at the administrative level. On June 25, 1984, Plaintiff filed a Motion for Judgment on the Pleadings or, in the Alternative, for an Award of Interim Benefits Pending Completion of Remand Proceedings. Subsequently, the Secretary filed the certified record and her answer to the complaint on July 2, 1984. By its Order and Judgment of August 2, 1984, this Court granted Plaintiff's Motion for Judgment on the Pleadings, and judgment was entered for the Plaintiff on the same date. The Defendant Secretary now seeks to vacate that Order.

This is another in the long series of cases which graphically display the Defendant Secretary's long-standing and presently continuing disobedience of this Court's procedural rules with respect to litigation pending before it. In order that it not be thought that the Court is unfairly peevish with the Secretary's conduct in this respect, *see New York Times*, September 9, 1984, § 1, at 1, col. 3, it seems appropriate to point out that in an opinion issued on February 1, 1984, by this Court, the Court displayed, for the future guidance of the Secretary, its displeasure with this conduct in the following words:

This case is not the first, or even the most recent, occasion this Court has had to confront instances of substantial and prejudicial delay resulting from a pattern of procedural neglect or noncompliance by the Secretary, often of the most casual and unexplained nature. This case involves a situation in which there has occurred a delay of over six months in which the Secretary has failed to file an answer and copy of the administrative record for purposes of this Court's review. It is not at all atypical ...

Such conduct is deserving of the severest condemnation in a case of this type which involves a claimant who is so penurious that he has qualified to have *in forma pauperis* status conferred upon him in order that he may pursue his claims to daily, material sustenance in this Court. Such conduct would assuredly result, strictly on the basis of considerations of fundamental fairness and of the interest of the Court in the expeditious progress of its docket, in the imposition of the severest of sanctions, including default, were an agency of the United States of America not the offending party.

*Montrose v. Heckler,* 579 F.Supp. 240, at 242–43 (D.Me.1984).

Two weeks later the Court again had an opportunity to vent its displeasure in the case of *Colasante v. Secretary of Health and Human Services,* Civil No. 82–0056–P (D.Me. February 14, 1984), wherein the Court stated:

[I]t is apparent that [this] case represents one more in a long series of continuing instances of the Defendant-Secretary's casual or deliberate disregard of the obligations placed upon her as a litigant by the Federal Rules of Civil Procedure and by the Local Rules of this Court. The Court has repeatedly expressed in prior cases its concern at, and disapproval of, this pattern of litigating conduct. Such a continuing resistance to

the timely performance of the Defendant-Secretary's litigation responsibilities under the rules of procedure cannot help but unfairly hinder "the resolution of the claims of the most misery-ridden claimants." *Alameda v. Secretary of Health, Education and Welfare,* 622 F.2d 1044 (1st Cir.1980). Absent any justification of such conduct on a case-by-case basis by a fact-specific showing of some reasonable cause of the Secretary's inability to respond in a timely manner, this conduct cannot be countenanced by this Court. [Omitting citations].

*Colasante,* at 2. As this and other recent cases demonstrate, there has been little, if any, improvement in the Secretary's willingness or apparent ability to respond affirmatively and in a meaningful manner to the procedural requirements specified by the Federal Rules of Civil Procedure and the Local Rules of this Court.

In this case, the Secretary comes forward on the most specious of arguments to seek under Rule 60(b) of the Federal Rules of Civil Procedure the vacation of the Order entered on August 2, 1984, directing entry of judgment. That Order is based entirely upon the Defendant-Secretary's failure to respond, pursuant to the provisions of Local Rule 19(c), to the Plaintiff's Motion for Judgment on the Pleadings or in the Alternative for an Order of Interim Benefits. That motion was granted by the Clerk pursuant to Local Rule 19(c) on August 1, 1984.[1]

■ The motion is denied to the extent that it seeks relief under the provisions of Fed.R.Civ.P. 60(b)(1) for the failure of the Secretary to make a fact-specific showing of any basis for the Court to conclude that there was excusable neglect on the part of the Secretary which occasioned the action of the Court on August 1 and August 2, 1984. *Montrose,* 579 F.Supp. at 242; *Gaudin v. Heckler,* Civil No. 83–0232–P (D.Me. Sept. 23, 1983); *Smith v. Heckler,* Civil No. 83–0117–B (D.Me. Aug. 30, 1983); *see also*

---

1. Local Rule 19, as previously promulgated, was amended, effective June 1, 1984, and, as amended, is applicable to resolution of the issues

raised herein. It is attached hereto as Appendix "A." It is published in *Maine Rules of Court* 972 (1984).

*Gideon v. Adm., Small Business Administration,* 102 F.R.D. 604 (D.Me.1984); *Greene v. Union Mutual Life Insurance Co.,* Civil No. 84–0126–P (D.Me. August 7, 1984); *Broussard v. CACI, INC.–FEDERAL,* Civil No. 83–0170–P (D.Me. June 7, 1984); *Gagne v. Carl Bauer Schraubenfabrick, GmbH,* 101 F.R.D. 777 (D.Me. 1984); *Picucci v. Town of Kittery,* 101 F.R.D. 767 (D.Me.1984); *Barca v. Thompson Aircraft Service,* Civil No. 82–0211–P (D.Me. February 1, 1984).

■ The Secretary raises a legal argument as a basis for the vacation of the Court's August 2, 1984, Order which may be capable of being addressed under Fed.R. Civ.P. 60(b)(6) and the Court will so treat that argument. In this respect, the Defendant-Secretary contends that the Court's action on the pertinent date is in substance a default within the meaning of Fed.R.Civ.P. 55 and, therefore, may not be entered against the Government because of the prohibition of the entry of defaults against the Government or any agency thereof, which is set out in Rule 55(e). The rationale which counsels the rejection of this argument cannot be more succinctly or more compellingly put than it was by the Honorable D. Brock Hornby, Esq., United States Magistrate for the District of Maine, in the case of *Hanson v. Heckler,* Civil No. 84–0019–P (August 2, 1984). That portion of the Magistrate's opinion on the point in the *Hanson* case is herewith set out at length and adopted by this Court:

> The first argument raises the issue whether Local Rule 19(c)'s provision that a party who fails to respond to a motion within 10 days "shall be deemed to have waived objection" is in substance a default within the meaning of Fed.R.Civ.P. 55 such that judgment may not be entered thereon against the Government because of Rule 55(e).
>
> In *Alameda v. Secretary of Health, Education & Welfare,* 622 F.2d 1044 (1st Cir.1980), the First Circuit Court of Appeals examined at some length the restrictions imposed by Fed.R.Civ.P. 55(e)

in Social Security cases where the Secretary has been guilty of repeated and excessive delays. The court concluded that a district court could enter default and thereafter engage in a somewhat lessened review of the administrative record where the Secretary filed an answer and the administrative record, but failed to file legal memoranda. The First Circuit ruled, however, that a district court could not straightforwardly grant a default judgment on the failure as it could against any other civil party. Local Rule 19(c) in this District, however, is not a rule of default. Instead, it is a rule by which the court determines what motions are contested. It is clear that the Government like any other litigant is able to consent to the granting of motions or indeed that it can settle an entire case by consenting to the relief sought. Such actions when incorporated in a decree of the court do not amount to default judgments against the United States. Local Rule 19(c) merely provides a standard by which the court can assume that inaction amounts to waiver of any objection to a motion. Usually application of the rule does not even involve judgment against the defendant. A nondispositive motion such as a discovery motion may be at issue, for example, or a dispositive motion may be brought by a defendant in which event the plaintiff's failure to respond amounts to a waiver and results in dismissal of the action. This court has previously set forth the reason for the Local Rule's provision:

> Such a requirement is nothing other than a rationally-based compromise between the interests of litigants and their counsel and the needs of this Court to have reasonably prompt notice of contest on matters which require its substantive action and the administrative attention of the Office of the Clerk.

*Picucci v. Town of Kittery,* [101 F.R.D. 767 at 769] Civil No. 83–0242 P, slip op. at 6 (D.Me. May 30, 1984) (Order of Carter, J.). I conclude, therefore, that application of Local Rule 19(c) to the Secre-

tary, thereby deeming her failure to respond to be a waiver of any objection, does not amount to a default within the meaning of Fed.R.Civ.P. 55. (Footnotes omitted.)

*Hanson,* at 3–4.

### ORDER

On the basis of the foregoing discussion, the Defendant-Secretary's Motion to Vacate the Judgment and Action of the Court on August 2, 1984, is hereby DENIED.

So ORDERED.

### APPENDIX "A"

(a) Submission of Motions and Supporting Memoranda

A party filing a motion shall file, in duplicate, with the motion, a memorandum of law, including citations of supporting authorities. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

(b) Motions for Summary Judgment

(1) In addition to the material required to be filed by this rule, upon any motion for summary judgment there shall be annexed to the motion a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried.

(2) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record citations, shall be deemed admitted unless properly controverted by the statement required to be served by the opposing party.

(c) Objections to Motions

Unless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection, and the Court may act on the motion. Every party filing an objection shall file with the objection a separate memorandum of law, in duplicate, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which the objection is based.

(d) Reply Memoranda

Within 7 days of filing of any objection and memorandum in opposition to a motion, or, if a hearing has been scheduled, not less than 2 days prior to the hearing, the moving party may file a reply memorandum, in duplicate, which shall be confined strictly to replying to new matter raised in the objection or opposing memorandum.

(e) Form and Length

All memoranda shall be typed double-spaced on $8\frac{1}{2} \times 11$ inch paper or printed. Except by prior leave of Court, no memorandum of law in support of or in opposition to a nondispositive motion shall exceed 10 pages. Except by prior leave of Court, no memorandum of law in support of or in opposition to a motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, motion for injunctive relief, or an appeal from the recommended decision of a magistrate shall exceed 20 pages. No reply memorandum shall exceed 5 pages.