NYE COUNTY, a Political Subdivision of the STATE OF NEVADA, Appellant, *v.* WASHOE MEDICAL CENTER, INC., a Non-Profit Nevada Corporation, Respondent.

No. 22827

October 22, 1992                    839 P.2d 1312

*Art Wehrmeister,* District Attorney, and *Les W. Bradshaw,* Deputy District Attorney, Nye County, for Appellant.

*Durney & Brennan* and *Terrance Shea,* Reno, for Respondent.

# OPINION

*Per Curiam:*

Respondent Washoe Medical Center, Inc. ("WMC") sued Michael D. Hall ("Hall") and appellant Nye County to recover the costs of medical services rendered to Hall. WMC moved for summary judgment. Nye County failed to oppose WMC's motion. The district court granted WMC summary judgment. Approximately one year later, Nye County moved to set aside the order. The district court denied this motion and entered judgment for WMC. For the reasons discussed herein, we affirm.

## FACTS

On May 11, 1988, Hall was transferred via air ambulance to WMC from Nye Regional Medical Center. On May 12, 1988, WMC sent notice to the Nye County Clerk, Karen Quilter. The notice stated that Hall was a patient of WMC and requested that Nye County assume financial responsibility for Hall's treatment. When Hall checked out of WMC on May 16, 1988, he had incurred $4,333.73 in medical expenses. The bill was never paid.

In September 1989, WMC brought this action against Hall and Nye County pursuant to NRS 450.400 and NRS 428.030, seeking reimbursement for the medical expenses and declaratory relief that it was entitled to reimbursement. Neither Hall nor Nye County made an appearance; thus, default was entered against each party. In December 1989, WMC and Nye County stipulated to set aside the default judgment entered against Nye County. On December 11, 1989, the district court set aside the default judgment. Nye County answered the complaint, denying all allegations and asserting, by way of affirmative defenses, that WMC failed to determine if Hall was an indigent and failed to comply with the notice requirements of NRS 428.060(2)[1] and NRS 450.400(2).[2]

On April 9, 1990, WMC moved for summary judgment, claiming that Hall was an indigent resident of Nye County, thereby entitling WMC to be reimbursed. In support, WMC submitted the affidavit of investigator Charles Woodman, who determined that Hall was not employed and did not have any assets.

---

[1]NRS 428.060(2) provides: "The notice must be in writing, attested by the clerk of the board of county commissioners, and deposited in the post office, addressed to the board of county commissioners of the other county."

[2]NRS 450.400(2) reads: "The notice must be in writing and addressed to the board of county commissioners of that county."

Nye County did not oppose WMC's motion for summary judgment. On June 25, 1990, the district court granted WMC summary judgment, finding that Hall was a medical indigent of Nye County at the time of his transfer to WMC and that WMC met the notice requirements of NRS 428.060. Notice of entry of order granting summary judgment was filed on July 2, 1990. On July 13, 1990, WMC moved for costs and attorney's fees. Notice for this motion was filed on August 27, 1990, and a request for submission was filed on September 24, 1990.

On August 26, 1991, Nye County moved to set aside the order granting summary judgment, arguing that the notice requirements had not been met and that there was no evidence demonstrating that Hall was indigent. WMC opposed and argued that Nye County had waived any defenses it had by failing to move within the six-month time limitation of NRCP 60(b). Nye County replied that pursuant to NRCP 55(e), the district court improperly entered summary judgment against it because there was not sufficient evidence to support the relief awarded.

The district court denied Nye County's motion to set aside the order granting summary judgment. The district court stated:

> Under the factual time framework of the events in this case, the court deems to grant said motion would be an abuse of discretion and to do so essentially says we have rules and time constraints but they really don't mean what they say. Notwithstanding the characterization by the state this was not a default judgment.

Thereafter, judgment was entered against Nye County in the amount of $9,432.97 which included interest, costs and attorney's fees.

## DISCUSSION

Nye County contends that before the district court could enter summary judgment against it, WMC had to present "substantial evidence" that Nye County was obligated to reimburse WMC for Hall's medical costs. Nye County cites NRCP 55(e) for support and contends that the district court erred in concluding that NRCP 55(e) was limited to default judgments.

NRCP 55(e), captioned "Judgment Against the State," provides: "No judgment by default shall be entered against the State or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." WMC argues that NRCP 55(e) does not apply to this case because it does not involve a "default judgment"; it involves a "summary judgment." We agree.

As stated in Giampaoli v. Califano, 628 F.2d 1190, 1193 (9th Cir. 1980), "[b]y its plain terms the rule applies only to a 'default judgment,' a term of art ordinarily referring to a judgment entered because of a defendant's failure to respond to a complaint."[3] The purpose behind Fed. R. Civ. P. 55(e) is that the public fisc should be protected against payment of unfounded claims where the government responds slowly to a complaint. *Id.* at 1193-94. However, the protection provided by the rule should be "extended only in those cases in which the government has altogether failed to respond." *Id.* at 1193.

In Ouellette v. Heckler, 102 F.R.D. 940 (D.Me. 1984), plaintiff sought judicial review of the decision of the Secretary of Health and Human Services which denied plaintiff's claim for Social Security benefits. *Id.* at 941. Defendant moved to remand because she could not produce the administrative record, and plaintiff moved for judgment on the pleadings. *Id.* When the district court granted plaintiff's motion, defendant moved to vacate the order, arguing that it was in substance a default and thus violated Fed. R. Civ. P. 55(e). *Id.* at 943. Relying on a local court rule which provided that a party who does not respond to a motion within ten days "shall be deemed to have waived objection," the court rejected this argument. The court stated:

> Local Rule 19(c) in this District, however, is not a rule of default. Instead, it is a rule by which the court determines what motions are contested. It is clear that the Government like any other litigator is able to consent to the granting of motions or indeed that it can settle an entire case by consenting to the relief sought. Such actions when incorporated in a decree of the court do not amount to default judgments against the United States. *Local Rule 19(c) merely provides a standard by which the court can assume that inaction amounts to waiver of any objection to a motion.*

*Id.* at 943 (emphasis added). Such a rule provides a balance between the interest of litigants and the needs of the court to have reasonably prompt notice that matters are contested. *Id.*

Likewise, Nevada's DCR 13(3) reads:

> Within 10 days after the service of the motion, the opposing party shall serve and file his written opposition thereto, together with a memorandum of points and authorities and

---

[3]*Giampaoli* involved Fed. R. Civ. P. 55(e) which provides:

Judgment Against the United States. No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

supporting affidavits, if any, stating facts showing why the motion should be denied. *Failure of the opposing party to serve and file his written opposition may be construed as an admission that the motion is meritorious and a consent to granting the same.*

(Emphasis added.)

We agree with the reasoning in *Ouellette* and hold that NRCP 55(e) should be read narrowly such that it applies only to actual default judgments. Otherwise, as stated in *Giampaoli,* the government obtains an "undue advantage, which enhances its strategic position and upsets the overriding policy that civil litigants receive equal treatment." *Giampaoli,* 628 F.2d at 1195. Indeed, we cannot read NRCP 55(e) as extending such an unfair advantage to the Nye County's continual failure to oppose this action. The purpose behind NRCP 55(e) does not outweigh the district court's authority, pursuant to DCR 13.3, to construe such inaction as "an admission that the motion is meritorious and a consent to granting the same."[4]

WMC also argues that NRCP 55(e) applies only against the "State or an officer or agency thereof" and that, consequently, it is inapplicable here because this action involves a judgment against a "political subdivision of the State." However, based on the purpose behind NRCP 55(e), we conclude that NRCP 55(e) applies against counties.

We note that even if NRCP 55(e) controlled this action, our resolution would remain unchanged. The defaulting party must move within a reasonable time to set aside a judgment. Dow Chem. Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 336 (2d Cir. 1986).[5] Nye County waited over one year after notice of entry of the order granting summary judgment before it filed its motion to set aside the order. Nye County did not explain its inaction (nor has it attempted to inform this court of the reason

---

[4]Several courts have held that Fed. R. Civ. P. 55(e) is not limited to default judgments. *See, e.g.,* Marziliano v. Heckler, 728 F.2d 151, 158 (2d Cir. 1984); Carroll v. Secretary, Dept. of Health, Educ. and Welfare, 470 F.2d 252, 256 (5th Cir. 1972). For the reasons discussed above, we conclude that these courts have unduly expanded the scope of rule 55(e); thus, we reject the invitation to do the same.

[5]In *Dow Chemical,* the moving party had known of the default judgment for at least seven months prior to its motion to set aside the default. *Dow Chemical,* 782 F.2d at 336. The court concluded that the motion to set aside was not made within a reasonable time. *Id.*

behind its delay). Thus, under the circumstances of this case, Nye County did not file its motion to set aside the order within a reasonable time.

Accordingly, for the reasons discussed herein, we affirm the judgment of the district court.