OPINION

Per Curiam:

In this appeal, we consider whether the district court abused its discretion in granting respondent’s motion for summary judgment because appellant failed to file an opposition within the deadline *927 set by Rule 13(3) of the District Court Rules (DCR) and did not set forth any evidence showing a genuine issue for trial. We conclude that the district court did not abuse its discretion and thus affirm.

FACTS

Respondent Blaine Cartlidge sued Maria Marsano in January 2000 for breach of a contract hen. Marsano was represented by appellant Carter King. King was later named as a codefendant in the action. A review of the record on appeal demonstrates that King delayed the prosecution of this action from the time it began in district court. Several instances of King’s conduct support this conclusion.
Before being named as a defendant, King moved for a continuance of the trial date, arguing that a medical condition caused him to oversleep on the day of the trial setting. The district court denied the motion, noting that King’s actions “are deplorable by an officer of the court,” sanctioning him $250.
The district court expressed its displeasure with King’s delays in another order after King had requested an extension of time. The court noted that “King has rarely filed a motion on time in this case,” observing that “King seems to be under the impression that this Court and Plaintiff must cater to [King’s] erratic schedule and that this action can be delayed as long as it suits Defendant King.” Although the court granted King his requested extension, it also warned him that no other extensions would be allowed.
Cartlidge moved for summary judgment on November 15, 2002. King filed a tardy opposition on December 9, 2002, failing to include any evidentiary support. The district court granted Cartlidge’s motion. The court noted that King had filed the opposition late, had been granted three continuances since the case began, had failed to provide evidentiary support in any of his numerous motions, and was clearly not ready to pursue the case according to the scheduled trial date approaching in less than a month. King appeals.

DISCUSSION

DCR 13(3) provides that a party opposing a motion shall serve and file a written opposition within ten days after the motion was served, “together with a memorandum of points and authorities and supporting affidavits, if any, stating facts showing why the motion should be denied.’ ’ If the opposing party fails to serve and file an opposition, the district court has the discretion to construe that failure as an admission that the motion is meritorious and a consent to granting the motion.[1]
*928 King filed his opposition twenty-four days after Cartlidge’s summary judgment motion was filed, well beyond the ten-day deadline of DCR 13(3). This delay alone was sufficient grounds for the district court to deem Cartlidge’s motion unopposed and thus meritorious.[2]
In addition, King’s tardy opposition violated NRCP 56(e) by failing to include any evidentiary support. A party opposing summary judgment must set forth specific facts by affidavit or other proper evidence indicating there is a genuine issue of material fact.[3] Mere allegations and conclusory statements like those included in King’s opposition are insufficient to survive summary judgment.[4]
The district court’s decision to grant Cartlidge’s motion is particularly appropriate given King’s egregious and dilatory conduct. King’s repeated requests for continuances caused delay and frustration throughout the district court proceedings. His opposition failed to comply with the clear requirements of DCR 13(3) and NRCP 56(e). As a result, the district court acted well within its discretion in granting summary judgment in Cartlidge’s favor.[5] Accordingly, we affirm the district court order.

DCR 13(3).

See, e.g., Nye County v. Washoe Medical Center, 108 Nev. 896, 899-900, 839 P.2d 1312, 1314-15 (1992) (affirming district court’s decision granting plaintiff’s unopposed motion for summary judgment); see also Walls v. Brewster, 112 Nev. 175, 178, 912 P.2d 261, 263 (1996) (district court acted properly in construing plaintiff’s failure to respond to motion to dismiss as admission that motion was meritorious).

NRCP 56(e); Posadas v. City of Reno, 109 Nev. 448, 452, 851 P.2d 438, 442 (1993).

NRCP 56(e); Yeager v. Harrah’s Club, Inc., 111 Nev. 830, 833, 897 P.2d 1093, 1094-95 (1995).

We have reviewed King’s other claims and conclude they lack merit.