# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY A. DICKERSON,
INDIVIDUALLY, AND AS PRINCIPAL
OWNER OF THE LAW OFFICE OF
JEFFREY A. DICKERSON,
Appellant,
vs.
DOWNEY BRAND LLP,
Respondent.

No. 67768

**FILED**

DEC 0 8 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Yorena
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment and orders amending the judgment and granting a motion for attorney fees and costs. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

This case arises from claims that appellant Jeffrey Dickerson, an attorney, and the Simons, his clients, colluded to deprive an accountant, Victor Republicano, whom they retained as an expert in a federal action, of the amounts Republicano was entitled to under a settlement agreement in the federal action. In this appeal, we are asked to consider whether Dickerson timely filed his notice of appeal, whether the litigation privilege applies to Dickerson, and whether the district court abused its discretion in awarding attorney fees and costs. We conclude that Dickerson's notice of appeal was timely filed because NRCP 6(e) provided an extra three days for Dickerson to file his notice of appeal, but that the litigation privilege does not apply to Dickerson in the circumstances of this case and that the district court did not abuse its discretion in striking Dickerson's untimely-filed opposition and awarding Republicano his attorney fees and costs.

17-42288

## FACTS AND PROCEDURAL HISTORY

In 2006, Republicano,[1] a certified public accountant, was retained as an expert by the Simons, Dickerson's clients, in the federal action. In 2010, the federal action settled. As part of the settlement agreement, Republicano agreed to a fee reduction—an immediate payment of $200,000, rather than a $531,171 remaining balance. Republicano sought and received assurances from Dickerson that the language of the settlement agreement made clear that the $200,000 was in addition to any prior payments received. Given those assurances, Republicano signed the settlement agreement.

Despite providing Republicano assurances to the contrary, Dickerson reinterpreted the agreement to mean Republicano would receive $200,000 minus any prior payments. Republicano eventually recovered $135,000 and was owed a balance of $65,000 plus interest. Republicano subsequently sued Dickerson and the Simons, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, fraud, and breach of fiduciary obligation, commencing the fraud action. Republicano alleged that Dickerson and the Simons colluded to fraudulently induce him to compromise the fees and, thereafter, that the Simons breached their agreement to pay Republicano.

Dickerson claimed he was immune from suit because the conversations with his clients involving the settlement funds were

---

[1]Respondent Downey Brand LLP has substituted in on Republicano's behalf because Republicano assigned all of his rights and interests in the underlying case to Downey Brand. We refer herein to Republicano or Downey Brand as "Republicano."

privileged. The district court disagreed, finding the litigation privilege did not apply because Dickerson intentionally misrepresented to the intent of the wording of the settlement agreement to Republicano and assured Republicano that he would be paid. The district court concluded that Dickerson purposefully manipulated the Simons and induced them to breach their agreement to pay and ordered the Simons and Dickerson to pay Republicano the amount owed.[2].

On May 1, 2014, Republicano filed a motion for attorney fees and costs, which was hand delivered to Dickerson the same day. On May 19, 2014, Dickerson filed an opposition to the motion for attorney fees and costs, and a motion to join a co-defendant's motion for an extension. Republicano moved to strike Dickerson's opposition and joinder, arguing both motions were untimely. Dickerson did not oppose the motion to strike and, as a result, the district court struck Dickerson's opposition and joinder and granted the unopposed motion for attorney fees and costs. Republicano filed a motion to alter or amend the judgment, which the district court granted in part, and Republicano electronically served notice of entry of the orders granting Republicano fees and costs and granting in part Republicano's motion to alter or amend the judgment on February 24, 2015. Dickerson filed a notice of appeal on March 30, 2015.[3] This court found a

---

[2]Two defendants negotiated a settlement of Republicano's claims against them prior to trial in the fraud action. Thus, only Republicano's claims as to Dickerson and Agustina Simon Gonzalez remained at the time of trial.

[3]This case was dismissed with prejudice based on a bankruptcy stay and then reinstated after the stay was lifted.

possible defect in its jurisdiction and ordered the parties to address the issue regarding the timeliness of Dickerson's appeal in their briefs.

*DISCUSSION*

*Dickerson's notice of appeal was timely filed*

Republicano argues that Dickerson's appeal of the judgment, the order amending the judgment, and the order granting fees was untimely under NRAP 4 and NRAP 26(c), which require an appeal to be taken no later than 30 days after the notice of entry of order is served if the party being served is a registered user of this court's electronic filing system. Dickerson argues NRCP 6(e) allows him an extra three days because the notice of entry was filed electronically and, thus, the appeal was timely. We conclude Dickerson is correct.

NRAP 4(a)(1) requires that a "notice of [a civil] appeal . . . shall be filed with the district court clerk . . . no later than 30 days after the date that written notice of entry of the judgment or order appealed from is served." When considering whether 3 days are added for electronic service, however, NRCP 6(e) provides that an extra three days are permitted when service occurs by electronic means," while NRAP 26(c) provides that an additional three days are permitted "unless the paper is delivered on the date of service stated in the proof of service or unless the party being served is a registered user of the electronic filing system."[4] Neither rule expressly

---

[4]The parties did not argue whether the phrase "unless the paper is delivered on the date of service stated in the proof of service" in NRAP 26 encompasses electronic service, and thus exempts electronic service from the extra three days to respond. Accordingly, we decline to consider this issue. *In re Amerco Derivative Litig.*, 127 Nev. 196, 220 n.8, 252 P.3d 681, 698 n.8 (2011) (explaining that this court will generally decline to consider issues not raised by the parties).

contemplates which rule governs when an appellate rule of procedure, NRAP 4(a)(1), requires a filing in the district court. The rules are thus ambiguous, and we construe the rules in a reasonable and just manner. *Valenti v. State, Dep't of Motor Vehicles*, 131 Nev., Adv. Op. 87, 362 P.3d 83, 85 (2015) (holding that ambiguous statutes are resolved by "construing the statute in a manner that conforms to reason and public policy"); *see also* NRAP 1(c); NRCP 1.

In this situation, a case is not yet an appeal prior to a notice of appeal being filed, and that notice is required to be filed in the district court. NRAP 4(a)(1). Once the notice of appeal is filed, the case is transferred to the appellate court and becomes an appeal. NRAP 1(a); NRAP 3(g); NRCP 81(a). Until a notice of appeal is filed, the case is not an appeal, and therefore jurisdiction remains with the district court. Thus, to the extent that NRAP 26(c) conflicts with NRCP 6(e) regarding an additional 3-days to file a notice of appeal, NRCP 6(e) controls because the case is not yet an appeal.

NRCP 6(e) provides an additional three days for doing an act in the district court after service by mail or electronic means. In general, NRCP 6(e) modifies a time period calculated under NRCP 6(a), which governs the computation of time for "any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute." NRCP 6(e), however, provides that the three extra days shall be added "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper . . . upon the party." It is thus untethered to the time periods specified by NRCP 6(a) and modifies a broader set of time periods, including the time to file a notice of appeal in

SUPREME COURT
OF
NEVADA

(O) 1947A

5

the district court under NRAP 4(a)(1). Holding otherwise creates a trap for the unwary, which is contrary to the purposes of both the NRAP and the NRCP to provide for the just adjudication of actions. NRAP 1(c); NRCP 1.

Moreover, even if NRAP 26(c) controlled, it allows for an additional three days "unless the party being served is a registered user of the electronic filing system." However, the "electronic filing system" referenced in NRAP 26(c) refers to the Supreme Court of Nevada's electronic filing system. *See* NRAP 1(a) (stating that the NRAP governs "procedure in the Supreme Court of Nevada and the Nevada Court of Appeals"); *see also* NRAP 25(c)(1)(E) (authorizing service of "notice by electronic means to registered users of *the court's* electronic filing system" (emphasis added)). Thus, NRAP 26(c) applies to registered users of the Supreme Court of Nevada's electronic filing system, a system that is not relevant until *after* the notice of appeal is filed in the district court.

Accordingly, we conclude that when NRAP 26(c) and NRCP 6(e) conflict, NRCP 6(e) controls and modifies the time in which a party may file a notice of appeal. In this case, Republicano served notice of the entry of the order resolving the attorney fees issue and of the order resolving Republicano's post-judgment tolling motion on February 24, 2015. The 30-day period permitted by NRAP 4(a)(1) expired on March 26, 2015, and the extra three days expired on March 29, 2015, which was a Sunday, so Dickerson's notice of appeal was timely filed the following day on March 30, 2015. *See* NRCP 6(a); *see generally, Winston Prod. Co. v. DeBoer*, 122 Nev. 517, 134 P.3d 726 (2006) (explaining how to calculate time periods).

*The district court did not err by refusing to grant Dickerson immunity and apply the litigation privilege to communications between Dickerson and his clients*

Dickerson argues that the district court erred in not recognizing that communications with his clients regarding the settlement funds were made in anticipation of litigation and, thus, privileged. Republicano responds that because their claims are against Dickerson and based upon Dickerson's own course of conduct in conspiring with a client to defraud a third person the litigation privilege does not apply. We conclude that Republicano is correct.

This court "review[s] de novo the applicability of an absolute privilege." *Jacobs v. Adelson*, 130 Nev. 408, 412, 325 P.3d 1282, 1285 (2014). While "[t]his court has recognized the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged, rendering those who made the communications immune from civil liability," that absolute privilege "has limitations." *Greenberg Traurig, LLP v. Frias Holding Co.*, 130 Nev., Adv. Op. 67, 331 P.3d 901, 903 (2014) (internal quotation marks omitted). The litigation privilege does not typically apply to attorney malfeasance. *See id.* at 903-04. Additionally, some jurisdictions have drawn a distinction between communicative acts and the actions resulting from those communications, providing that the broad litigation "privilege does not apply to bar liability . . . [where] the gravamen of the complaint was not a communication but a course of conduct." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 594 n.12 (Cal. 1990).

We conclude the litigation privilege does not, and should not, apply here. First, although Nevada caselaw is silent on the matter, allowing

SUPREME COURT
OF
NEVADA

(O) 1947A

the privilege to extend to an attorney knowingly colluding with clients to short-change an expert, as occurred here, is inconsistent with the public policy behind the privilege. The litigation "privilege is designed to ensure that attorneys have the utmost freedom to engage in zealous advocacy and are not constrained in their quest to fully pursue the interests of, and obtain justice for, their clients," *Greenberg Traurig*, 130 Nev., Adv. Op. 67, 331 P.3d at 904. It is not designed to provide attorneys with the ability to act malfeasant and then hide behind the privilege with impunity. Here, Dickerson manipulated his position of influence with Republicano and the Simons in order to lower Republicano's fees, raise his own fees, and, presumably, allow his clients funds they otherwise were not entitled to keep.[5]

Additionally, the gravamen behind Republicano's complaint was Dickerson's actions, not the communication with the Simons. The claims against Dickerson upon which Republicano prevailed are not based on attorney-client communications or any communications between Dickerson and the Simons in which he provided legal advice. Rather, they are based on Dickerson's and the Simons' failures to uphold the settlement agreement. The district court found that Dickerson did more than just advise his clients that they had the option of not paying Republicano; instead, he caused them to breach the contract by mendacious behavior. Additionally, Republicano asserted claims directly against Dickerson for

---

[5]Dickerson was suspended from the practice of law for 18 months by this court for various violations, some of which were directly related to his actions with regard to the settlement funds in this case. *See In re Discipline of Jeffrey Dickerson*, Docket No. 62093 (Order of Suspension, May 9, 2014).

conversion and fraud, based on the same rationale. Thus, the communications at issue were not implicated by the claims made by Republicano. Therefore, the district court did not err in refusing to apply the litigation privilege here.

*The district court did not abuse its discretion in striking Dickerson's opposition*

Dickerson argues that the district court abused its discretion when it struck his opposition to Republicano's request for attorney fees and costs. We review the district court's decision to strike Dickerson's opposition for an abuse of discretion. *King v. Cartlidge*, 121 Nev. 926, 927, 124 P.3d 1161, 1162 (2005).

Dickerson filed his opposition to Republicano's motion for fees and costs late. Republicano then moved to strike the opposition, and Dickerson failed to oppose the motion to strike. The district court construed Dickerson's failure to oppose the motion "as an admission that the motion is meritorious and a consent to granting the same," DCR 13(3), and struck the opposition. Given Dickerson's untimely opposition to the motion for fees and costs and failure to oppose the motion to strike, we perceive no abuse of discretion in the district court's striking of Dickerson's opposition or in its granting of attorney fees and costs. *King*, 121 Nev. at 928, 124 P.3d at 1162 (holding that the failure to timely oppose a motion for summary judgment was sufficient grounds for the district court to, in its discretion, "construe that failure as an admission that the motion is meritorious and a consent to granting the motion" for summary judgment); *Walls v. Brewster*, 112 Nev. 175, 178, 912 P.2d 261, 262-63 (1996) (holding that the district court did not abuse its discretion in dismissing a case after a party failed to diligently

oppose a motion to dismiss).  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

cc:   Hon. Jerome M. Polaha, District Judge
      Jonathan L. Andrews, Settlement Judge
      Jeffrey A Dickerson
      Downey Brand LLP
      Washoe District Court Clerk

(O) 1947A

HARDESTY, J., with whom, STIGLICH, J., agrees, dissenting:

I respectfully dissent with regard to the majority's assertion of jurisdiction in this case.

An appeal is commenced by the timely filing of a notice of appeal with the district court clerk. *See* NRAP 3(a)(1); NRAP 4(a)(1). NRCP 1 provides that the Nevada Rules of Civil Procedure "govern the procedure in the district courts in all suits of a civil nature . . . with the exceptions stated in Rule 81." NRCP 81(a) specifically states as an exception that "[a]ppeals from a district court to the Supreme Court of Nevada . . . are governed by the Nevada Rules of Appellate Procedure."

Nevada Rule of Appellate Procedure 4(a)(1), not the rules of civil procedure, specify the location (the district court) and the time allowed (30 days after service of written notice of entry of the order appealed from) for filing a notice of appeal. In addition, NRAP 26(c) declares the rules for the computation of any period of time specified in the Nevada Rules of Appellate Procedure, *see* NRAP 26(a), whereas NRCP 6(e) applies to the computation of "any period of time prescribed or allowed by [the Nevada Rules of Civil Procedure]." NRCP 6(a).

In this regard, NRAP 26(c) provides that where a notice of appeal is "delivered on the date of service stated in the proof of service or" where "the party being served is a registered user of the electronic filing system," no additional days are added to the prescribed 30-day filing period. NEFCR 9 provides that electronic service is complete at the time of transmission of the notice from the service provider that a document has been filed and is available on the system, indicating that documents served electronically are deemed delivered on the date of service stated in the proof of service. Thus, service of the notice of entry of the order

appealed from was complete on February 24, 2015, and on that date, the notice of entry was delivered to appellant, a registered user of the electronic filing system. Accordingly, appellant is not afforded three additional calendar days for filing the notice of appeal. *See Lytle v. Rosemere Estates Prop. Owners Ass'n*, 129 Nev., Adv. Op. 98, 314 P.3d 946, 948 (2013) (providing that 3 additional days are not added to the 30-day appeal period where the notice of entry is delivered on the date of service); *see also Barone v. Lloyd*, Docket No. 68977 (Order Dismissing Appeal, Nov. 3, 2015) (citing NRAP 4(a) and NRAP 26(c) as a basis for dismissing the appeal for lack of jurisdiction).

Republicano argues that Dickerson's appeal of the judgment, the order amending the judgment, and the order granting fees was untimely under NRAP 4 and NRAP 26(c), which require an appeal to be taken no later than 30 days after the notice of entry of order is served if the party being served is a registered user of this court's electronic filing system. Contrary to the majority's statement that "[n]either rule expressly contemplates which rule governs when an appellate rule of procedure, NRAP 4(a)(1), requires a filing in the district court," *see* Majority Order, *ante* at 5, NRCP 81(a) specifically mandates that the Nevada Rules of Appellate Procedure apply when dealing with an appeal from the district court. While the majority's pragmatic approach to rule interpretation may have some appeal, it is contrary to the express terms of NRCP 81(a) and fails to account for the changes in the "3 calendar days"

time rule in NRAP 26(c) for registered users of this court's electronic filing system.[1]

Because the notice of appeal, filed 32 days after service of the notice of entry of the order appealed from, was untimely, I would grant the motion and dismiss this appeal for lack of jurisdiction. *See Zugel v. Miller,* 99 Nev. 100, 659 P.2d 296 (1983).

_____, J.
Hardesty

I concur:

_____, J.
Stiglich

---

[1]Neither party to this appeal argues that the difference in the service rules in the Nevada rules of appellate procedure and the rules of civil procedure created a "trap for the unwary." *See* Majority Order, *ante* at 6. Further, EDCR 8.06(c)(3), approved by this court, recognizes that the three-day rule to extend time for electronically served documents "shall not extend the time for filing . . . a notice of appeal." This local rule is consistent with NRAP 26(c) and NEFCR 9.