# IN THE SUPREME COURT OF THE STATE OF NEVADA

JORDAN BENJAMIN,
Appellant,
vs.
FRIAS TRANSPORTATION
MANAGEMENT SYSTEMS, INC., D/B/A
FRIAS TRANSPORTATION
MANAGEMENT; VEGAS-WESTERN
CAB COMPANY, LLC; AND DAVID
SIEGEL,
Respondents.

No. 73664



FILED

JAN 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Appellant Jordan Benjamin sued the taxi cab driver who allegedly ran over his foot, along with the driver's employer, respondent Vegas-Western Cab Company, LLC. After being timely served, Vegas-Western moved to dismiss the complaint. Therein, Vegas-Western asserted that Benjamin's failure to timely serve the driver with the summons and complaint should result in the dismissal of the complaint against the driver and, in turn, against Vegas-Western, because the claims against Vegas-Western were solely based on theories of vicarious liability. Benjamin filed a partial opposition, arguing that Vegas-Western's motion to dismiss was premature because he had a pending motion to enlarge the service period against the taxi cab driver. The next day, Benjamin filed a second opposition (with different counsel who was not the attorney-of-record) arguing that the claims against Vegas-Western were not subject to dismissal even if the claims against the driver were dismissed.

*19-04784*

The district court declined to consider the second opposition because it was untimely. After a consolidated hearing on the motion to dismiss and Benjamin's motion to enlarge the service period, the district court denied Benjamin's motion to enlarge. As to Vegas-Western's motion to dismiss, the district court found that Benjamin did not oppose it and appeared to find that Vegas-Western could not be held vicariously liable if the claims against the driver were dismissed. The court therefore dismissed the complaint in full and this appeal followed.[1]

EDCR 2.20(e) allows a district court to construe a party's failure to demonstrate why a motion should be denied "as an admission that the motion . . . is meritorious and a consent to granting the same." Thus, when a party fails to set forth specific arguments as to why a motion to dismiss should not be granted, EDCR 2.20(e) gives the district court the discretion to dismiss the complaint based solely on that failure. *See King v. Cartlidge*, 121 Nev. 926, 927-28, 124 P.3d 1161, 1162-63 (2005) (recognizing the discretion the DCR analog to EDCR 2.20(e) gives district courts to grant motions that are not properly opposed).

In this case, the only argument Benjamin presented in opposing the motion to dismiss was that a motion to enlarge the service period was pending. Benjamin did not present any argument in his opposition that Vegas-Western remained liable for Benjamin's injuries even if the claims against the driver were dismissed. And, although Benjamin presented such arguments in his second opposition, the district court properly exercised its

---

[1]Benjamin does not challenge the denial of his motion to enlarge or the dismissal of the complaint against the driver and respondent Frias Transportation Management Systems, Inc., and we therefore do not address those portions of the dismissal order.

discretion to not consider those arguments as that opposition was untimely. *See* EDCR 2.20(e); *King*, 121 Nev. at 928, 124 P.3d at 1162 (holding that the "delay [in filing an opposition] alone was sufficient grounds for the district court to deem [the] motion unopposed and thus meritorious"). Under these facts, we cannot conclude that the district court abused its discretion in relying on EDCR 2.20(e) to grant Vegas-Western's motion to dismiss. Benjamin's arguments that the district court improperly sanctioned him are unavailing because the district court granted the motion based on Benjamin's failure to properly oppose the motion under EDCR 2.20(e), not as a sanction for Benjamin's conduct.[2]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[2]Based on our decision, we need not address the parties' arguments regarding vicarious liability. We also need not address the district court's denial of Benjamin's post-judgment motion for reconsideration because Benjamin did not present cogent argument on that issue on appeal. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court need not consider claims that are not cogently argued).

cc:   Hon. Joanna Kishner, District Judge
Persi J. Mishel, Settlement Judge
Injury Lawyers of Nevada
Fennemore Craig, P.C./Phoenix
Frias Transportation Management
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A